## NEWHOUSE, ET AL. V. MILES, ET AL.

1. The objection to a bill that a person is improperly joined as a party complainant, is too late if taken for the first time at the hearing, and will then be disregarded, if it does not materially affect the propriety of the decree.

Writ of Error to the Court of Chancery for the 1st Division.

THE case made by the bill is this, viz:

In 1841, Benjamin Newhouse and John S. Newhouse were indebted by note, as partners, to Sylvia Dale, in a considerable sum, to secure which Benjamin Newhouse executed a mortgage upon certain premises. Afterwards, a marriage being in contemplation between Miss Dale and John S. Newhouse, these parties entered into a marriage settlement, in which it is stipulated, that all the real and personal estate, choses in action, &c. of Miss Dale, should be conveyed to Charles Miles, to be held in trust for her sole and separate use, notwithstanding the contemplated marriage. In 1842, after the marriage of the parties just mentioned, the firm of Benjamin and John S. Newhouse was dissolved, and the former stipulated to pay all the debts of the firm.

The note not being paid, this bill was filed by John S. Newhouse, his wife and Miles, the trustee, as complainants, against Benjamin Newhouse, the mortgagor, and one Hunt, who is charged to hold an older mortgage on the same premises.

Answers were filed both by Hunt and Newhouse, the for-

mer setting out his mortgage, and conceding the truth of the matters stated in the bill; the latter admitting the execution of the note and mortgage, but insisting it was discharged by the marriage of Miss Dale with the other complainant, but denying all knowledge of the marriage settlement, and calling for proof, as well as insisting his stipulation to pay the debts of the firm, did not extend to this note, as that was then, in no sense, a debt of the firm.

At the hearing, the objection was taken, that John S. Newhouse was improperly joined as a complainant in the bill. The Chancellor considered otherwise, and deeming the proof sufficient to sustain the allegations, decreed a sale of the mortgaged premises—Hunt's mortgage and the costs of suit to be first paid, and then that of Mrs. Newhouse, to her trustee, to her sole and separate use.

Benjamin Newhouse prosecutes this writ of error, and here assigns, that John S. Newhouse was improperly joined as a complainant in the bill, and also that it contains no equity.

J. A. CAMPBELL, for the plaintiff in error, insisted, that this was the bill of the husband as it is drawn. If intended as the bill of the wife, in relation to her separate estate, the husband is not a proper party. [Cox v. Murph, 2 Dev. & Bat. 257; Wake v. Parker, 2 Keen, 59; Owdon v. Campbell, 8 Simons, 551; Reeve v. Dalby, 2 Sim. & Stu. 464; Grant v. Van Schoonhover, 9 Paige, 255.]

G. N. STEWART, contra.

GOLDTHWAITE, J.—If it is conceded the husband, in the circumstances of this case, is not a proper party complainant, yet the objection taken for the first time, at the hearing, is too late, and will be disregarded if it does not materially affect the propriety of the decree. [Story's Eq. Pl. 417, § 544; Watertown v. Cowen, 4 Paige, 510; Erwin v. Ferguson, 5 Ala. Rep. 158.] The objection might possibly have been of some weight, if the decree had admitted the husband as a party in interest, so as to have given him the control of the fund; but instead of that, it directs the money, when

received, to be paid over to the trustee of the wife, to her sole and separate use. A result precisely as it should be, if the husband was altogether omitted, or made a party defendant.

Decree affirmed.