Nash, C. J.
 

 The plaintiff and defendant owned in common a fishery on Chowan River. It consisted of a narrow strip of land, extending from the brow or brink of the hill or bank which was high, down to the edge of the water. This land was used as a fishery, and was of no value for agricultural purposes. The bank of the river was underlaid with a bed of valuable marl, a large portion of which the defendant dug and carried away, against the wishes and remonstrances of the plaintiff. The plaintiff has brought this action to recover damages for the alleged waste. His Honor below decided that the action could not be sustained, and we concur with him.
 

 It is stated in the case, that as a fishing ground, the land was improved by the digging down of the hill to get at the marl — the facility of getting to the river being thereby increased. There is
 
 *93
 
 no question but that one tenant in common can maintain an action on the case in the nature of waste against a co-tenant, when he destroys the thing held in common. This is familiar learning. Was the act complained of, waste? We think not. Waste is defined to be a spoil or destruction in houses, gardens, trees or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion in fee simple. 2 Bl. Com. 281; and it is said that whatever is done which tends to the destruction of the inheritance, or the impairing of its value, is waste. By the common law only single damages were recoverable for waste; but by the Statute of Gloucester, 6 Edw. 1, it is provided, that the tenant committing the waste “shall lose and forfeit the place wherein the waste is committed, and also treble damages to him that hath the inheritance;” and if done
 
 sjparsim,
 
 or all over a wood, the whole wood shall be recovered.
 

 The English statutes upon this subject have been adopted by our Legislature. Rev. Stat. ch. 119, sec. 4, re-enacts the Slat. 15 Edw. 1, giving the action to a tenant in common. The action intended in this latter section is an action to recover damages for a permanent injury to the property held in common. It could not have been the intention of the Legislature to apply the penalties of the Statute of Gloucester to injuries to the freehold, committed by a tenant in common; for the third section which enforces those' penalties, and precedes the fourth immediately, is restricted to the tenants specified in the two first sections, to wit, tenant for life or years and guardians. If this were not so, then the Whole relation of the parties as tenants in common of the tract would be changed —a partition effected between them by a way, as we think, not contemplated by the Legislature — and nothing left to the defendant but the right to fish there, stripped of the privilege of landing the seine on the beach, and there curing his fish, without the consent of the plaintiff; a barren right, and of no value. It was the intention of the Legislature to give the action on the case to one tenant in common, whenever a permanent injury is done to the freehold bjr his co-tenant, in which his damages shall be measured by the injuries actually sustained; and it is called an action of waste, simply to point out of what nature and kind the injury complained of must be to authorize the action. It is given as an
 
 *94
 
 additional remedy to an action of account, which is an unwieldy one, and has grown nearly out of use.
 

 Apply these principles to the case before us: The plaintiff and defendant are tenants in common of a piscary or fishery; the strip of ground running along the river is necessary to the enjoyment of the right of fishing there — necessary to enable them to land their fish and cure them. Has the defendant done any thing to injure the fishery? On the contrary, the act complained of has improved it. It has rendered the approach to the fishery more convenient; and enables the proprietors more readify to take off the proceeds of their labor. But it is said that though this be the fact, yet the value of the land was diminished, if not destroyed by the removal of the marl. With respect to tenancy in common of a chattel, the rule is, if it is destroyed, misused or spoiled by the co-tenant, an action lies for the other. 1 Chit. PI. 91. But one tenant in common may convert the chattel to its general and profitable use, although it change the form of the substance, without subjecting him to an action by the other.
 
 Pennings
 
 v.
 
 Lcl. Greenville,
 
 1 Taun. 241. Now apply this principle to these tenants in common of the realty. There is no remainderman or reversioner to be injured, or to bring any action — the whole property in fee simple being in the plaintiff and defendant; the marl lying in the earth is valuable
 
 to
 
 no one: can it be that the plaintiff, through obstinacy, or any other cause, can deprive the defendant of all benefit to be claimed from it? Or, that by converting the property to its general and profitable use, he commits a wrong to his co-tenant, and subjects himself to an action of waste? Suppose A. and B. are tenants in common of a tract of land which is in woods —can neither of them, without the consent of the other, clear a portion of the land, and put it in cultivation, without becoming a
 
 tm't feasor
 
 ? In the case we are considering, we hold that the plaintiff cannot maintain the action, because as a fishery, the land is neither injured in value nor destroyed, but improved. For the value of the marl removed by the defendant, he is no doubt bound to account to the plaintiff, but ndt in this action.
 

 PeR Curiam. Judgment affirmed^