### J. P. Gleghorn et al. v. G. W. Smith.

#### Decided March 9, 1901.

1.—Deed—Condition Subsequent—Forfeiture and Reversion of Title.

Where a deed of land provided that "the above property is conveyed solely for the purpose of a gin and to be solely and only used for a gin site, and in the event it is not used for such purposes, then it is to revert to me," and the vendee erected a gin on the land and continued to operate it, the facts that he built a small residence house on the lot for the use of his hands, and permitted the erection thereon of a blacksmith shop, did not work a forfeiture and reversion of the title, since such use for the other purposes did not interfere with the use of the property for gin purposes.

2.—Same—Waiver of Conditions.

See facts under which it is held that the grantor had waived the condition of forfeiture in the deed.

Appeal from Kaufman. Tried below before Hon. J. E. Dillard.

*Thomas R. Bond* and *Word & Charlton,* for appellants.

*William H. Allen,* for appellee.

RAINEY, Chief Justice.—On April 27, 1897, appellee Smith executed and delivered to defendant Gleghorn his deed of conveyance to the land in controversy, the consideration being three notes of $71.33 1-3 each, due respectively at future dates. Said deed contained the following clause: "The above property is conveyed solely for the purpose of a gin, and to be solely and only used for a gin site, and in the event said real estate is not used for such purposes, then and in that event said property is to revert to me." Gleghorn was put into possession, and soon after the purchase built a ginhouse thereon which, with the machinery placed therein, was worth $4000, and which had been operated for gin purposes ever since. Gleghorn also, soon after the conveyance, built on said land a small dwelling, worth about $150, which he and his gin hands occupied. At the time of the execution of said deed there was a small storehouse on one corner of the tract, which was occupied by Smith, and which he continued to occupy for about two years thereafter. There was no reservation made by Smith of said storehouse when the conveyance was made. Gleghorn and Smith having disagreed about the right of Smith to use said house, and he having refused to surrender it, Gleghorn instituted forcible detainer suit be-

fore a justice of the peace against said Smith. In answer to the detainer proceedings, Smith entered a disclaimer as to the right of possession of any portion of the lot, except so much as was occupied by his storehouse, and as to this portion of the lot, he asserted that it had never been the intention of the parties to transfer it, and that in fact it was a part of his homestead, and his wife had never joined in any conveyance of the same, and he was still entitled to his possession.

A trial resulted in a hung jury, and thereupon Smith and Gleghorn agreed in writing to submit the matters in controversy to arbitration. The matters submitted were as follows: "The question and claims between us respecting a two-acre lot and storehouse on same, deeded by G. W. Smith to J. P. Gleghorn for gin purposes, bearing date April 27, 1897." Said agreement further specified that the decision and award of the arbitrators should be final, binding, and conclusive. The arbitrators upon said agreement rendered an award "that G. W. Smith shall pay one-half of the costs and J. P. Gleghorn shall pay the other half of the costs, amounting to $10.65, incurred in the suit brought; and we further award that G. W. Smith shall move his storehouse off of J. P. Gleghorn's gin lot at his earliest convenience; that G. W. Smith shall have time to petition the postmaster general for permission to move the postoffice along with the house; and we further award that J. P. Gleghorn shall have an exclusive right to place anything on said gin lot he may want, so long as he uses said lot for gin purposes."

The award was read over to both Smith and Gleghorn, and both expressed themselves satisfied. Smith testified that he agreed to abide by the award of the arbitrators, and would have stuck to it had Gleghorn let him alone. In pursuance of the award Smith moved the storehouse off of said lot. Soon thereafter said Gleghorn transferred to his codefendant the lot formerly occupied by said storehouse and said Miller erected a blacksmith shop thereon which has continually since been used for the purposes of a blacksmith shop. After the award of the arbitrators, and after the blacksmith shop was built, Gleghorn paid the last vendor's note on the land to G. W. Smith, and obtained Smith's release of vendor's lien on said land, which occurred before the bringing of this suit.

*Conclusions of Law.*—We conclude that the acts of Gleghorn in building a residence on the lot in controversy and permitting the erection of a blacksmith shop on a small portion of said lot as shown by the evidence was not a breach of the condition in the deed, and did not work a forfeiture of the title to the land. It will be noted that while said deed provides that the property conveyed is to be used solely and only for a gin site, no provision is made for a reversion in case it is used for some purpose in addition to gin purposes, but that said lot is to revert in the event it is not used for gin purposes. The land is used for gin purposes, and because small portions are used for other purposes which do not interfere or conflict with use for gin purposes does not

operate as a reversion of the title.  2 Washb. on Real Prop., 3 ed., p. 5 ;: McKilway v. Seymour, 29 N. J. L., 321.

If we are mistaken in the above view, the evidence in our opinion clearly shows that the condition relied on for a forfeiture has been waived by appellee.  Smith remained in the storehouse on the lot, using: it for purposes other than gin purposes.  He stood by when Gleghorn was erecting the residence and opened not his mouth.  When Gleghorn sued him, he disclaimed any right to possession of any part of the lot except the part covered by the store.  He expressed himself as satisfied with the award of the arbitrators, which authorized Gleghorn to place anything on the lot he desired so long as he used it for gin purposes. And after Miller had erected the blacksmith shop on the lot, he received from Gleghorn payment of the last note due for the purchase price and released his vendor's lien.  From his own testimony it would seem that he considered that he had waived all claim when he says he would not have brought this suit had Gleghorn let him alone.

We are of the opinion that the court below erred in rendering judgment for plaintiff.  The judgment is therefore reversed and here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.