THE OHIO OIL COMPANY, Appellant, *vs.* N. P. DAUGHETEE *et al.* Appellees.

*Opinion filed June 16, 1909.*

1. TRUSTS—*when trustee has no authority to make oil and gas lease.* A trustee under a will devising to him the fee in trust, to manage, rent, lease and control, for the payment of taxes and repairs and payment of the income to the beneficiary, with remainder to the heirs of the beneficiary, has power to make ordinary farm leases but not to sell the property or make unusual leases, such as a lease to develop oil and gas from unopened wells.

2. WASTE—*opening of new oil wells by life tenant amounts to waste.* Where there are no oil wells on land at the owner's death, neither the life tenant under the owner's will nor the trustee who holds the fee can operate for oil for the life tenant's benefit, and the opening of such wells amounts to waste, which a court of equity will enjoin at the suit of the remainder-man.

3. SAME—*contingent remainder-man may enjoin future waste.* While a contingent remainder-man cannot sue at law or maintain a bill for accounting for past waste, he may, for the protection of the inheritance, maintain a bill in equity to enjoin future waste which is certain to accrue. (*Fifer* v. *Allen,* 228 Ill. 507, and *Gannon* v. *Peterson,* 193 id. 372, distinguished.)

4. LEASES—*oil lease of unlimited duration is, in effect, a sale of a portion of the land.* A lease of unlimited duration, giving the lessees the right to enter upon land and prospect for and develop oil and gas, is a grant of a freehold estate, and is, in effect, a sale of a portion of the land.

5. PARTIES—*an objection of misjoinder of complainants must be made by demurrer or answer.* An objection that there is a misjoinder of complainants in a bill for injunction should be made by demurrer or answer and cannot be first raised on appeal.

APPEAL from the Circuit Court of Clark county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellant:

If trustees enter into a contract without any reference to their *cestuis que trust,* as if they contract in their own names to purchase an estate, they may maintain or defend a suit in relation to it in their own names, although they intended the contract for the benefit of the trust. If it does not appear, on the face of the contract or otherwise, that the trustees acted as agents or in a fiduciary character it is unnecessary to go beyond the terms of the contract, and in many cases it would be improper to do so. Perry on Trusts, sec. 874.

It is not necessary that the power conferred by a will shall appear in the instrument executing the power. *Hoff* v. *Pensenhafer,* 190 Ill. 210.

Whenever a trust is made, a legal estate sufficient for the purposes of the trust will, if possible, be implied in the trustee, whatever may be the limitation in the instrument, whether to him and his heirs or not. *Walton* v. *Follansbee,* 131 Ill. 147; *West* v. *Fitz,* 109 id. 425; *Kirkland* v. *Cox,* 94 id. 400; *Hale* v. *Hale,* 146 id. 227; *Aid Society* v. *England,* 106 id. 125.

A necessary estate inures to the trustee until his duties are accomplished. *Lawrence* v. *Lawrence,* 181 Ill. 248; *Reichert* v. *Coal Co.* 231 id. 238.

Rhinehart C. Daughetee, the life beneficiary, and Homer Daughetee, an infant, and Nathaniel P. Daughetee, the trustee, are not proper parties complainant in the cross-bill, as against the appellant. Homer Daughetee has no vested interest in the subject matter of the suit. He has nothing to

hope for but a naked contingent expectancy that may never happen. No mismanagement of the estate is charged; no waste of any character, whether affecting the inheritance or otherwise, is claimed. *Gannon* v. *Peterson*, 193 Ill. 372.

FRANK T. O'HAIR, and DAVISON & BARTLETT, for appellees:

A power to lease lands generally will not authorize a lease of unopen mines. 2 Perry on Trusts, (5th ed.) 530.

Trustees under a power of sale have no authority to split up the estate into land, timber and mines, and therefore they cannot sell the timber separate from the land, nor the land reserving the timber, and this although there is a tenant for life without impeachment of waste, who might cut the timber; and there is no distinction between timber and mines. 2 Perry on Trusts, (5th ed.) 774, 775.

Although a legal estate may be limited to a trustee in its fullest extent as to him and his heirs, yet it shall be carried no further than the complete execution of the trust necessarily implied. 1 Perry on Trusts, (5th ed.) 312, 314, 316.

Where a power of disposal accompanies a bequest or devise of a life estate the power to dispose is only coextensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make, unless clearly indicating that a larger power was intended. *In re Cushman's Estate*, 134 Ill. 88; *Metzen* v. *Schopp*, 202 id. 275.

A lease to the mineral or oil rights in land is a sale of an interest in the estate, and therefore the trustee could not make such a lease unless he had specific power to do so, which was not given and cannot be implied from the will.

Oil is a mineral, and being a mineral is part of the realty. It is like coal or any of the mineral products which form a part of the land. *Funk* v. *Hadden*, 53 Pa. St. 229; *Stoughton's Appeal*, 88 id. 198; *Gill* v. *Nestor*, 110 id. 312.

A lease of the trust lands for oil and gas by the trustee constitutes waste upon the estate of the remainder-men. *Williamson* v. *Jones,* 43 W. Va. 562.

As a general rule it is an act of waste to work unopened mines or quarries. Am. & Eng. Ency. of Law, (2d ed.) 770, and authorities cited; *Bond* v. *Lockwood,* 33 Ill. 212.

It is the duty of the life tenant to protect the land from waste or injury, even from others, and he must refrain himself. Thornton on Oil and Gas, secs. 262, 276; 1 Washburn on Real Prop. 119, 120.

It has been held with reference to a life tenant that he cannot open up new mines on a life estate, and for him to do so is waste. He does not have a right to the *corpus* of the estate, and what he cannot do directly he cannot do indirectly by giving a lease to others. Thornton on Oil and Gas, secs. 262, 270.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee N. P. Daughetee is the owner in fee of 190 acres of land in Clark county. His sister, Sydney A. Stephenson, died in 1895, owning 60 acres adjoining it on the south, which by her will she devised as follows:

"I give and devise and bequeath to Nathaniel P. Daughetee, trustee, in trust, and to his successors forever, all my estate, real, personal and mixed, of whatever kind or nature soever, of which I may die seized or possessed, to have and to hold, manage, rent, lease and control, in trust, for the uses and purposes following: To pay the expenses of such trust and for necessary repairs and taxes, and to pay over the annual proceeds therefrom to my nephew, Rhinehart C. Daughetee, for and during the natural life of him, the said Rhinehart C. Daughetee, with remainder over to the heirs of the body of said Rhinehart C. Daughetee upon his death, provided he die leaving a child or children or descendants of child or children, equally, share and share alike, to them and their heirs forever. In the event of the

death of said Rhinehart C. Daughetee without issue of his body then surviving, then and in that event I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, to my brother, Nathaniel P. Daughetee, and his heirs forever."

On June 3, 1904, N. P. Daughetee entered into a written contract with a co-partnership doing business under the name of Hoblitzell & Co., whereby he granted to them all the oil and gas in and under both his own 190 acres and the 60 acres held by him in trust, together with the right to enter thereon at all times for the purpose of drilling and operating for gas and oil, and to erect and maintain all buildings and structures and lay all pipes necessary for the production and transportation of oil and gas, with a right of way over and across said premises to the place of operation, and the exclusive right to remove any machinery or fixtures placed on said premises, doing the least possible damage to said premises, and with the right reserved to the grantor to use the premises for tillage and for all other purposes not inconsistent with the object of the lease. The contract was for the term of five years and as much longer as gas or oil was found in paying quantities. Hoblitzell & Co. within two years were to complete a test well, and if gas was found in sufficient quantities to transport, they agreed to pay a stipulated price therefor and to furnish gas to heat and light one dwelling. If oil was found in paying quantities the grantor was to have one-eighth of all oil produced and saved, to be delivered in the pipe line with which the grantees should connect their wells. In case no well was completed within twenty-four months the grantees agreed to pay an annual rental of twenty-five cents per acre, and in case no paying well was completed within five years the contract was to be null and void. The grantees agreed to complete one test well in Westfield district No. 1 on or before the 30th day of September, 1904, or forfeit all rights under the contract. Hoblitzell & Co. complied

with the contract on their part and on November 10, 1905, assigned it to the appellant, the Ohio Oil Company. Four producing wells have been drilled on the land but none on the 60 acres held in trust. On September 18, 1907, Daughetee made a similar contract with E. B. Adams for the 60 acres, for a rental of one-sixth of the oil and $150 for each well located. Under the contract with Adams, Jesse Johnson and Virgil Johnson were proceeding to drill for oil on the 60 acres when the appellant filed its bill in the circuit court of Clark county for an injunction against Daughetee, Adams and the two Johnsons. Rhinehart C. Daughetee, and his infant·son, Homer Daughetee, filed a petition to be made defendants, and having been permitted to answer the bill, they, together with N. P. Daughetee, individually and as trustee, then filed a cross-bill, in which they set up the facts substantially as above stated and prayed for a decree canceling the original lease between Hoblitzell & Co. and N. P. Daughetee, as far as the same related to the 60 acres. Upon a hearing the original bill was dismissed and a decree was rendered upon the cross-bill canceling the original lease as to the 60 acres because of want of·authority in the trustee to make it, and enjoining the appellant from prosecuting the development of any oil or gas well on said premises, from which decree this appeal is prosecuted.

N. P. Daughetee had possession and control of the 60 acres under his sister's will as trustee. He had no present beneficial interest in the land. His only authority to contract in regard to its possession or use was derived from the will, which gave him the right to manage, rent, lease and control the land, but no authority to sell or mortgage it or any part of it. The power of control and management given him was, during Rhinehart C. Daughetee's lifetime, for the purpose of making necessary repairs, paying taxes and expenses and paying the net annual proceeds to him. The only management and control contemplated was

that which had to do with the annual proceeds of the land. The authority of the trustee was to grant ordinary farming leases in accordance with the ordinary terms of the neighborhood, but not unusual leases or leases of unopened mines. 2 Perry on Trusts, sec. 528; *Clegg* v. *Rowland,* L. R. 2 Eq. 160.

Granting that the trustee held the title in fee, he held it for the benefit of the remainder-man as well as the life tenant, and had no right to waste the estate for the benefit of the life tenant at the expense of the remainder-man. It is a well established rule of law that the opening of new mines upon land by a life tenant amounts to waste. (*Priddy* v. *Griffith,* 150 Ill. 560.) The same rule applies to oil wells. Oil is a mineral and part of the realty. Owing to its fugitive nature, a grant of oil under the ground is a grant, not of the oil in place in the earth, but of such oil as the grantee may find there and save. The right to go upon the land and remove all the oil, if of unlimited duration, is a freehold estate, (*Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9; *Bruner* v. *Hicks,* 230 id. 536;) and a grant of such right is, therefore, in legal effect, a sale of a portion of the land. *Blakely* v. *Marshall,* 174 Pa. 425; *Stoughton's Appeal,* 88 Pa. 198.

There were no oil wells on the land at the time of the testatrix's death. A tenant for life, under such circumstances, would have had no right to operate for oil on the land. (*Marshall* v. *Mellow,* 179 Pa. 371.) Neither could the trustee operate for his benefit. The taking out of the oil would be waste, which a court of equity will enjoin. *Williamson* v. *Jones,* 43 W. Va. 562.

Counsel for appellant insist that the remainder to Homer Daughetee is contingent; that he has no estate in the land but a mere expectancy, which will not enable him to maintain the suit. On the other hand, it is contended in behalf of appellees that the remainder is vested, and the court so found. It is not essential to a decision of the

case to determine whether the interest of Homer Daughetee is vested or contingent. A contingent remainder-man has no certain estate in the land, and therefore no standing to maintain an action at law for past waste or a bill for an account therefor; but, though his claim depends upon a contingent event, he may maintain a bill against a life tenant to enjoin future waste, because otherwise no remedy exists for the protection of the interest in remainder but the life tenant without a semblance of right may despoil the inheritance with impunity. The bill, in such case, may be maintained for the protection of the inheritance, which is certain though the person on whom it may fall is uncertain. (*Brashear* v. *Macey,* 3 J. J. Marsh. 93; *Cannon* v. *Berry,* 59 Miss. 289; *Coward* v. *Myers,* 99 N. C. 198; *Lewisburg University* v. *Tucker,* 31 W. Va. 621.) The acts which the cross-bill seeks to enjoin and which the appellant claims the right to commit, clearly amount to waste against the remainder-man. The trustee could not authorize them. The case is different from those of *Fifer* v. *Allen,* 228 Ill. 507, and *Gannon* v. *Peterson,* 193 id. 372. The defendants sought to be enjoined in those cases were owners of the fee, determinable, it is true, but still having all the rights of tenants in fee simple until the determination of their estates. The acts sought to be enjoined were such as they might rightfully do as owners of the fee. The interests sought to be protected were mere expectancies, which might never have any existence. Here the interest sought to be protected is certain to accrue and the acts sought to be enjoined are without color of right of any kind. This case is within the requirements suggested in the cases just mentioned, the contingency being certain to happen and the waste threatened amounting to a wanton and unconscientious abuse of right.

It appears that N. P. Daughetee, after making the contract with the appellant, entered into another contract with E. B. Adams authorizing him to take the oil under the

60 acres upon terms somewhat different from those provided in the contract with appellant and more favorable to the grantor, which contract purported to be executed by Daughetee as trustee and is alleged to have been confirmed by the judge of the circuit court of Clark county. The validity or invalidity of this contract is not material here; nor is it material to determine whether or not a court of equity could authorize a trustee to enter into such contract.

It is objected that there is a misjoinder of complainants, but the objection is for the first time made in this court. Such an objection should be taken either by demurrer or answer. It is too late at the hearing. *Trustees of Watertown* v. *Cowen,* 4 Paige, 510; *Story* v. *Livingston,* 13 Pet. 359; *Newhouse* v. *Miles,* 9 Ala. 460.

The decree of the circuit court will be affirmed.

*Decree affirmed.*