**COLVIN v. TOMLINSON et al. (No. 284.)**

Court of Civil Appeals of Texas. Eastland. March 18, 1927.

Rehearing Denied April 15, 1927.

**1. Contracts ⬅➡226—"Condition subsequent" operates upon vested estate subjecting it to be defeated for nonperformance.**

"Condition subsequent" is one that operates upon some estate already vested, and which, if not performed, may defeat it at the election of the grantor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condition Subsequent.]

**2. Contracts ⬅➡226—Condition subsequent providing for forfeiture must be clear and is strictly construed.**

To constitute a condition subsequent upon which forfeiture may be declared, language must be clear and condition must be created by express terms or by clear implication, and it must be construed strictly.

**3. Contracts ⬅➡318—Forfeitures are not favored by law.**

Forfeitures are harsh and punitive in their operation, and are not favored by the law.

**4. Mines and minerals ⬅➡109—Title to oil well equipment vested on commencing to drill under contract for sale of equipment wherein commencing operations was condition precedent.**

Under contract that oil well equipment should become the property of party on commencing drilling operations by certain date, the commencement of drilling was condition precedent, and title vested upon beginning operations.

**5. Appeal and error ⬅➡930(3)—Court of Civil Appeals would not declare forfeiture under contract for want of diligence where issue not requested or submitted (Vernon's Ann. Civ. St. 1925, art. 2190).**

Court of Civil Appeals would not hold title forfeited under a contract whose only provision for forfeiture was want of diligence, and

that question was not raised, in view of Vernon's Ann. Civ. St. 1925, art. 2190, providing that upon appeal an issue not submitted and not requested is deemed as found by the court to support the judgment if there is evidence to sustain the finding.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Mollie Lee Tomlinson and husband against J. D. Colvin and another. Judgment for plaintiffs, and defendant J. D. Colvin appeals. Affirmed.

Scott & Holloway, of Cisco, for appellant.
Chastain & Judkins, of Eastland, for appellees.

LESLIE, J. Appellees, plaintiffs below, sued the defendants, M. D. Paschall and J. D. Colvin, for $833.33, alleged to be the value of a one-third interest owned by appellee, Mollie Lee Tomlinson, in certain oil well machinery, tools, and equipment, which was further alleged to have been converted by the defendants to her damage in the above sum. The defendants entered general and special denial of these allegations.

The ownership of Mollie Lee Tomlinson in said machinery and equipment is alleged in general terms, that is, that she was the "legal and equitable owner" of the one-third interest therein. In a transaction, the details of which need not be stated, said Paschall sold and conveyed, on June 29, 1923, his right, title, and interest in said machinery, tools, and equipment, to said J. D. Colvin, and in the same instrument of conveyance stipulated:

"It is further agreed that if said Paschall shall, on or before October 15th, 1923, begin operations for marketing of gas from said Laney Well No. 2, or begin operations for the drilling of a well for oil or gas, either in said Laney Well No. 2, or some other location, within a radius of two miles of said Laney Well No. 2 in Erath county, Texas, then said tools and property described in said bill of sale from said Colvin to Paschall * * * shall become the property of said Paschall and full title thereto shall be vested in said Paschall."

A further provision of the contract provided:

"If said Paschall, within the time above specified shall procure a contract with a responsible party to drill a well on another location other than Laney Well No. 2, to a depth of 3,-500 feet, unless oil or gas is found in paying quantities at a less depth, said contracting parties contracting to use the gas from said Laney No. 2 and who actually begins the drilling of a well on such location within said time, then said Paschall shall have title to said tools."

In answer to a special issue propounded by the court, the jury found that said Paschall actually began operations for the drilling of

Laney Well No. 2 before October 15, 1923. Upon the happening of this event, the title to said tools and machinery vested in the defendant, Paschall, as may be seen from the provisions of the contract quoted. The commencement of operations was a condition precedent upon the performance of which the title to the machinery, etc., vested in said Paschall, as per the terms of the original agreement between him and Colvin. The title to said property thus vested in said Paschall remained ·so vested until divested out of him by reason of his failure to comply with a further term of the contract, wherein it was provided:

"Failure to prosecute operations hereunder with due diligence, shall forfeit the right granted to said Paschall hereunder."

. If the title thus vested in Paschall was never divested out of him under the terms of the contract, then it must be concluded that the bill of sale from himself to Mollie Lee Tomlinson, of date October 4, 1923, conveyed to her a good and sufficient title to the one-third interest specified in that instrument of conveyance and for the conversion of which she sues herein.

[1-3] A condition subsequent is one that operates upon some estate already created and vested, and which, if not performed, may defeat it at the· election of the grantor. To constitute a condition subsequent upon which a forfeiture may be declared because of failure of performance, the language must be clear and a condition must be created by express terms or by clear implication, and it must be construed strictly. South Texas Telephone Company et al. v. Huntington et al., 104 Tex. 350, 136 S. W. 1053, 138 S. W. 381. Further:

"Forfeitures are harsh and punitive in their operation. They are not favored by the law, and ought not to be." Decker v. Kirlicks et al., 110 Tex. 90, 216 S. W. 385.

In appellant's brief, it is stated:

"We do not overlook the fact that title vested in Paschall, upon the beginning of operations, subject only to forfeiture, in the case of failure to prosecute the work with diligence according to the contract." ·

[4] From this, appellant apparently recognizes the effect of the provisions of the contract referred to. However, appellant seems to contend that the continuation of the drilling begun to a depth of 3,500 feet, unless oil and gas was found in paying quantities at a less depth, was the consideration for the vesting of the title to said machinery and equipment in Paschall, but we do not so construe the contract, and, taking it as a whole and in the light of the provisions above set out, we are of the opinion that the "beginning of operations" on or before October 15, 1923, vested the title in said Paschall.

[5] From the record before us, it appears that Colvin, the defendant below, neither pleaded nor offered any testimony to show that the defendant, Paschall, failed to prosecute with due diligence the work contemplated by the contract, and which the jury found was commenced within due time. The sufficiency of defendants' pleadings to raise the issue of the lack of diligence on the part of Paschall in the prosecution of the work was not raised or questioned, and no point is made thereon, but the appellant, defendant below, did not request the trial court to submit any issue on the lack of diligence on the part of Paschall in the performance of the contract, the trial court presented no such issue to the jury, and his charge is not objected to by the appellant on that ground.

"Failure to submit an issue shall not be deemed a ·ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding." Vernon's Annotated Statute, vol. 6, art. 2190, note 52.

It thus appears that Paschall's diligence in the performance of the contract has not been challenged, and, that being the only· ground upon which a forfeiture of his title to the property could be asserted under the terms of the contract, we hold that, under the record as presented, no forfeiture of his title thereto is shown, and that the instrument heretofore referred to conveyed to appellee, Mrs. Mollie Lee Tomlinson, a one-third interest in said property, for the conversion of which she here has her cause of action against the appellant.

The· appellant's assignments of error have each been considered, and are overruled. For the reasons above given, the judgment of the trial court is affirmed.

PANNILL, C. J., not sitting.