## PITTS et al. v. CAMP COUNTY et al.
### No. 3775.

Court of Civil Appeals of Texas. Texarkana.
Oct. 2, 1931.

Rehearing Denied Oct. 8, 1931.

854

S. P. Jones and Franklin Jones, both of Marshall, and M. M. Smith, of Pittsburg, for appellants.

J. A. Ward, of Mt. Pleasant, and J. D. Bass and J. A. Guest, both of Pittsburg, for appellees.

LEVY, J. (after stating the case as above).

It became necessary to determine whether the written instrument in suit, executed in the form of a deed and reciting a consideration, should be construed in the light of the surrounding circumstances and the purposes sought to be obtained by W. H. Pitts as passing the indefeasible fee-simple title to the lots to Camp county, or as establishing a dedication merely of the lots for the particular uses of a courthouse and any other public buildings which may be necessary for Camp county. On appeal, the question was certified to the Supreme Court [39 S.W.(2d) 608, 610] and the answer made and returned was "No," the county of Camp did not acquire an indefeasible fee-simple title to the lots. Hence, in effect, the instrument or deed· was one establishing a dedication merely of the lots for the specified use "as a place for erecting the courthouse, and any other public buildings which may. be necessary for said County of Camp." The duration of the user of the lots for the specified uses was, as provided to be, "forever," but upon the condition and with the limitation imposed upon the dedication, namely: "Nevertheless, the condition of this conveyance is such that if the county seat should be hereafter removed to any place in the said county, then, and in that case, this obligation shall be null and void, and the property herein conveyed shall revert to the said W. H. Pitts, his heirs or assigns."

The above-quoted condition and limitation of dedication being in no wise inconsistent with the legal character of the dedication of the lots, it was competent, under established rules, for the dedicator, W. H. Pitts, not only to limit the use of the lots to the specified uses of a courthouse and other necessary public buildings, but also to make his dedication conditional on the county seat being continued in and not removed ·from the town of Pittsburg. 18 C. J. p. 70. Therefore, speaking as a general rule, the legal representatives of the dedicator appearing in this suit would be entitled to have their legal rights to take back and re-enter the possession of the lots determined, according as the facts·may appear, by (1) whether or not there has been failure of the condition and limitation imposed on the dedication; or (2) whether or not there has been voluntary relinquishment or abandonment by the county of Camp of the use of the lots for the use specified in the dedication deed. For, in the event the

county seat was moved from the town of Pittsburg and Pittsburg ceased to be the county seat, then, in virtue of the condition subsequent imposed by the dedicator upon the grant, the easement to use the lots for the specified purposes would come to an end and the existence of the easement cease. In such breach of the condition subsequent the legal representatives of the dedicator could invoke the legal remedy of revocation of the dedication, entitling them to take possession of the dedicated lots and reappropriate them to their own use. 18 C. J. p. 122; 8 R. C. L. p. 915; Gaskins v. Williams, 235 Mo. 563, 139 S. W. 117, 35 L. R. A. (N. S.) 603. And, although there be no breach of such condition subsequent, yet if abandonment is otherwise effectuated showing voluntary relinquishment of the use for which the lots were specifically dedicated, then the legal representatives of the dedicator are entitled to retake the possession of and use the dedicated lots. 18 C. J. § 159; p. 123; 14 Tex. Jur. § 37, p. 733; 8 R. C. L. p. 915. An easement granted for a use specifically declared ceases when the specified use is voluntarily abandoned and no longer exists, and the dedicator or his legal representatives become entitled to retake the possession of the lots. The legal questions thus discussed were, in view of the facts, certified to the Supreme Court. The answer was made and returned of "No," that there was not shown a right to a revocation of the dedication, and the lots could not be held to have reverted to the heirs of the dedicator, W. H. Pitts, because the facts established that the county seat had not been removed, but was located in the town of Pittsburg. The court expressed the opinion that "in the absence of proof that the county seat of Camp County had been removed beyond the territorial limits of the town of Pittsburg, as it existed on August 4, 1874, the appellants in this case have no cause of action against Camp County, and so long as the county seat of Camp County remains located within said territorial limits Camp County is entitled to the unrestricted possession of the property involved in this case." And because of the answer and opinion upon said question 3, the Commission of Appeals concluded and so certified to the Court of Civil Appeals that it was "unnecessary" to give an answer to the further aspect of the case asked about in certified question No. 2, reading: "If it is a deed as one establishing the dedication merely, then has Camp County relinquished its rights to the lots dedicated by permanent abandonment, as done, of its use for purposes of a site for the county courthouse?"

As found by the trial court: "I find that in erecting the new courthouse it was the intention of the county to abandon the old courthouse and the property described in the plaintiff's petition for all courthouse and jail purposes, and it in fact has so abandoned the same for the aforesaid purposes. But the building thereon is being used as a public building by the citizens of Camp County as a public rest room and toilet, and is intended to be so used in the future."

As further found by the trial court, this building "was a necessary public building for Camp County." The commissioners' court of Camp county has consented, it appears, that the city of Pittsburg can use a part of this building as a fire department, and the city of Pittsburg and Camp county jointly maintain the building and pay the expenses of operating the same. The terms of the deed of dedication cover "any other public buildings," besides a courthouse, "which may be necessary for said County of Camp." As described in the findings of fact, the resthouse was of a public purpose and was used "by the citizens of Camp County" and was within the corporate powers of the county to erect and provide for the public. All these facts appeared in the statement of the case, and the latter answer of "unnecessary" to question 2 was evidently intended to be conclusive of the effect of the above facts, that the lots did not revert to the heirs of the dedicator upon the ground of abandonment so long as the county seat was located in the town, although the courthouse was not on the lots, but could be devoted by the county to the other public uses. The court evidently meant to be understood as holding that the terms of the dedication were wider than for courthouse purposes and the lots could be devoted exclusively to any needed county purposes. The appellant here now contends that such ruling was erroneous.

We conclude, however, that the answers made and returned to the certified questions were intended to definitely determine all the questions of the appeal, and, so understanding, we feel constrained in deference thereto to affirm the judgment, and it is accordingly so ordered.

### On Motion for Rehearing.

The appellants complain, and correctly so, of the failure to sustain their assignment of error complaining of the judgment in cross-action by the appellee. The county of Camp sought and obtained judgment vesting in the county title in fee simple to the lots. The assignment in question was overlooked and should now be sustained, we think, in view of the answer returned to the certified question that the county of Camp did not acquire a fee-simple title to the lots. The judgment is accordingly so reformed as to deny any recovery to the appellees on the cross-action. The judgment will otherwise remain undisturbed.

Except as to reformation of the judgment, the motion for rehearing is overruled.