**SKIPPER et al. v. DAVIS et al. ***

No. 4340.

Court of Civil Appeals of Texas. Texarkana.
Nov. 10, 1932.

Rehearing Denied March 9, 1933.

*Writ of error granted.

456

Edwin M. Fulton and C. E. Florence, both of Gilmer, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellees.

LEVY, Justice (after stating the case as above).

In order to determine the right of the appellants to have the issuance of an injunction, as the only means of effectuating a decree upon the merits of the principal controversy, there is included as a necessary consequence (1) the proper construction of the deed from H. T. Elder to the trustees of the African Methodist Episcopal Church, and (2) the decision as to the rights and privileges the several parties to the suit may have in the oil under the land under the established facts in the case.

The rule is too well established to admit of debate that the deed in question must be construed most favorably to the grantee so as to confer the largest estate which a fair interpretation of its terms will admit. Hancock v. Butler, 21 Tex. 804; Hunt v. Evans (Tex. Civ. App.) 233 S. W. 854; Cartright v. Trueblood, 90 Tex. 535, 39 S. W. 930, 931; 14 Tex. Jur. § 148, p. 926. By the habendum clause in the deed the premises described were to be holden by the "Trustees and their heirs and assigns" by the specified kind of tenure of "forever." Those words of themselves indicate the giving of complete dominion and an unlimited power of disposition of the estate conveyed which would be equivalent to a title in absolute fee simple. But in the face of the deed there is expressly set out words, apt and clear and specific, which point to a different conclusion than that of an estate created in full fee-simple title. Following the recited consideration "of Ten Dollars to us in hand paid," appear the words "and the further consideration of agreement made that said premises shall be used for church purposes only and that in case the same is abandoned as such, that the title shall be revested in the said H. T. Elder." The words import that the estate already created may be defeated upon the happening of the contingency named. The whole language used demonstrates the intention of the grantor of the accomplishment of the specific purpose "that the title shall be revested in the said H. T. Elder" when the condition named was broken. The provision for "the title" of the land to be "revested" in the grantor upon the contingency named is the distinctive characteristic of a grant of land upon condition subsequent. 12 Tex. Jur. § 86, p. 131; 1 Warvelle on Vendors (2d Ed.) § 445, p. 527. It is thought the deed should be construed as a grant to the religious society of the land upon a condition subsequent, and simply that. 12 C. J. p. 410; 21 C. J. § 31, p. 928; 2 Devlin on Real Estate (3d Ed.) § 970d, p. 1813; 17 Tex. Jur. § 9, p. 107; 4 Kent Com. 12; Stevens v. G., H. & S. A. Rwy. (Tex. Com. App.) 212 S. W. 639; Pitts v. Camp County (Tex. Civ. App.) 42 S.W.(2d) 853; Id., 120 Tex. 558, 39 S.W.(2d) 608.

The rule is well established that a condition subsequent operates upon an estate

already created and vested, rendering it liable to be defeated if the condition is broken. 12 C. J. p. 410; 21 C. J. § 39, p. 929; 12 Tex. Jur. § 83, p. 126; Wiederanders v. State of Texas, 64 Tex. 133; Colvin v. Tomlinson (Tex. Civ. App.) 293 S. W. 313; and other cases. The former estate, though, is not devested, although the condition is broken, until the grantor or his heirs take advantage of the breach of condition and re-enter, or bring timely suit, which is the equivalent of re-entry. 12 Tex. Jur. § 89, p. 136; 17 Tex. Jur. § 20, p. 117; 2 Devlin on Real Estate (3d Ed.) § 959, p. 1780, and § 974, p. 1821; Johnson v. Gurley, 52 Tex. 222, 227. Therefore, treating the conveyance to the church as the grant of the estate upon a condition, the heirs of the original grantor would be entitled to have their legal rights to take back and re-enter into the possession of the land determined, according as the facts may appear, by whether or not the condition named in the deed has been broken. The precise facts appear that (1) the church "has never abandoned the property as a place of religious worship," although (2) the trustees under the authority of the church have "executed an oil and gas lease for a term of ten years on the land," and (3) the lessee "has moved the church located on said property and has erected a drilling rig thereon preparatory to drilling a well for gas and oil." There was no abandonment by the church, as found by the trial judge. It is believed the facts are insufficient to establish a breach of the subsequent event named in the deed so as to operate to absolutely devest the estate granted from the church and become a right to secure a revesting in the heirs of the former estate by entry or by action at law. The conditional character of the title depends upon the words in the deed of "in case the same is ever abandoned as such," meaning the use of the land "for church purposes only." Therefore the condition cannot be said to be broken so as to absolutely devest the estate granted until the land is "abandoned" for use of "church purposes only." The factual element that the church "has never abandoned the property as a place for holding religious worship" clearly and indisputably establishes a continuing and existent use. The words "abandonment as such" means to wholly discontinue the use, and may not be construed to mean that the estate shall be devested out of the church merely because of an additional use of the property. A sale is not considered at all events an abandonment entitling the right of reverter. 2 Devlin on Real Estate, § 970a, p. 1808. As to whether the additional use for the production of oil constitutes a wrong is a question aside from the question of reverter of title. A dual use is nevertheless a use and not an abandonment. The deed does not provide for a forfeiture by the additional use of the property. Gleghorn v. Smith, 26 Tex.

Civ. App. 187, 62 S. W. 1096; Priddy v. School Dist., 92 Okl. 254, 219 P. 141, 39 A. L. R. 1334, and other cases. Quoting, as applicable, from Waggoner's Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27, 32, as respects abandonment: "It is easy to confuse this principle with that of abandonment, which implies an intention to give up the interests granted. There should be no such confusion. * * * But it is not a partial use, nor a negligent use, nor an imperfect use, but cessation of use, which terminates the lessee's estate." This being so, then on the issue of title the plaintiffs' title must be deemed imperfect, and their right of entry would be, too.

Although on the issue of title the reversion of title may not be predicated, yet there arises the question to be determined of whether or not injunction, as sought, is a remedy allowable to the plaintiffs against the consequences of the acts complained, in protection of their right of reversion against the misuse operating as a diminution of the corpus of the estate. The petition of the plaintiffs is not without indefiniteness and uncertainty, yet it may, as against a general demurrer, be fairly construed as by intendment seeking in the alternative an injunction against wrongful use of the land in taking oil from under the land. It is not entirely without averments of substance. The petition may be subject, however, to special exceptions, when urged upon the trial, and, unless amended, to make more definite and clear the averments of such ground of remedy. Under the terms of the statute of this state a complainant is entitled to the remedy of injunction when required for "the restraint of some act prejudicial to him." Subdivision 1, art. 4642, R. S. Whatever may be the rule in equity, this statute will control.

The opening up of an oil well for extraction of oil in place from under the land is in the view of commercial and not religious purposes, and is for profit and gain. Such disposition of the oil in place would rest, not under the deed of the grantor, but in the consent merely of the church, acting through its trustees. The test is, not what purpose the money derived from the oil may be put to when extracted from the land, but is oil operations upon the land in diminution or depletion of the corpus a use created by the grantor's deed. 18 C. J. § 416, p. 373. It is well settled that oil in place before its extraction is deemed a part of the land. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Waggoner's Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27. A lease or grant of oil in place, creating in the lessee a vested right to enter and produce oil, is a new title, and the title thus sold operates to cut off and devest all estate in reversion in the oil produced. Such lease for extraction of the oil

in effect obviously depletes the corpus of the subject of lease as the lessees' operations and productions progress. It operates to be a spoil and destruction of the estate itself, in actual and intentional demolition of the land, and as to the reverter it is a means of transferring without recourse the property of real estate. It is more than the ordinary use and enjoyment of the premises. Therefore the act of opening up wells and taking the oil in place may be regarded as acts constituting waste of a voluntary kind which may be enjoined. 40 Cyc. pp. 497, 501; 27 R. C. L. §§ 1 and 12, pp. 1011, 1022; Ohio Oil Co. v. Daughetee, 240 Ill. 361, 88 N. E. 818, 36 L. R. A. (N. S.) 1108; Brugh v. Denman, 38 Ind. App. 486, 78 N. E. 349; Smith v. Sharpe, 44 N. C. 91, 57 Am. Dec. 574. This rule applies as well to oil wells. Swayne v. Oil Co., 98 Tex. 597, 86 S. W. 740, 69 L. R. A. 986, 8 Ann. Cas. 1117. And it is evident that such spoil and destruction of property in real estate is a permanent injury that would be esteemed equitable waste. Equitable waste is, as defined, a species of manifest injury in spoil and destruction of the property of real estate, although not inconsistent with the legal rights of the party committing them. 2 Story, Eq. Jur. (4th Ed.) § 1242, p. 593. Equity will interpose and afford relief by injunction against waste, in destruction or material alteration of the property. 27 R. C. L. §§ 37, 38, pp. 1044–1046; Pomeroy, Eq. Rem. (4th Ed.) § 1339; 1 High on Injunctions (4th Ed.) § 680. And it appears that one who has not an absolute unqualified title is of the class who can commit waste and be held liable by the material alteration or destruction of the estate granted. 27 R. C. L. § 21, p. 1032; Hayman v. Rownd, 82 Neb. 598, 118 N. W. 328, 45 L. R. A. (N. S.) 623; Brigham v. Overstreet, 128 Ga. 447, 57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75; Price v. Ward, 25 Nev. 203, 58 P. 849, 46 L. R. A. 459; Duvall v. Waters, 1 Bland, 569, 18 Am. Dec. 350. But the most interesting and important question arising is the further one of whether the appellants who have the right of reverter after a conveyance upon a condition subsequent or determinable fee have redress for this injury of waste and by way of remedy to restrain the waste. It is a question in this state of first impression. By the rule of the common law a reverter upon a grant of condition subsequent or determinable fee was regarded as "a mere possibility" or mere expectancy of having at some future time an interest or estate in the land that can be made the subject-matter of convey-ance and devise. A possibility or expectancy of an interest in land in futuro was not made by the common law a subject-matter of bargain and sale or devise. It was not such a fixed estate as was devisable, or alienable by conveyance, but only descendible. 21 C. J. § 180, p. 1017. Several cases set forth and apply the rule. See, especially, Dees v. Cheuvronts, 240 Ill. 486, 88 N. E. 1011. Consequently a reverter, having no right or estate in the land, could not be classed as a person who was injured by waste. 2 Cooley on Blackstone (4th Ed.) p. 1017. But the rule of the common law has been expressly modified by the statutory provisions of some of the states. Statutes have been enacted making a reversion a right or estate that may be conveyed or devised, and conferring the right of action upon the holder for waste. As a consequence of such statutory provisions in those states, a reverter has become an estate that may be made alienable and devisable, and not merely, as heretofore under the common law, a possibility or expectancy of an interest or estate. In this state by the statute controlling the descent of property, "all the estate, right, title and interest in possession, reversion or remainder" in land can be devised. Article 8282, R. S. "Reversion" and "reverter" are synonymous, and denote a vested estate or right. 21 C. J. § 179, p. 1016. And by provision of article 1296, R. S., regulating conveyances," an estate * * * to commence in futuro," which would include a reverter, may be conveyed "in like manner as by will." In virtue of these provisions, a reverter becomes such an interest or estate in land as may be conveyed or devised. It is believed, therefore, that, in virtue of his property interest in the land, the holder of a right to reversion is a person who may maintain a suit to prevent waste, by depletion or destruction of the corpus of the estate.

In this case by way of remedy, there could be the joinder of the appellants with the trustees in the lease, thereby affecting a merger of the two estates in the lessee, entitling the lessee to proceed with the operations for oil, and make division of the rents and royalties as they may agree upon. In the absence of such joinder and agreement, the trustees or the trustees and their lessee may still be entitled to remedy, in order to protect the estate against loss by outside drainage of the oil, by application to a court of equity for opening up an oil well, through lease or by receiver, with division made equitable by the court of the money proceeds therefrom.

There was error in refusing the temporary injunction, and the order is reversed and the cause remanded.