# Hamm *against* Meisenhelter.

" I give and bequeath to my daughter Catherine, married to Samuel Meisenhelter, the eighth part of my estate, to them:" *Held*, to be a bequest to the husband and wife, to which the husband surviving the wife is entitled.

SAMUEL MEISENHELTER against Samuel and Jonas Hamm, executors of Christian Hamm, deceased. Action on the case for a legacy in which the following special verdict was found.

" Christian Hamm, late of York county, made his last will and testament, dated the 2d of May 1832. He died in May 1837, and on the 9th of June 1837, his will was duly proved, and on the same day letters testamentary were granted to the defendants, executors in said will. The said executors administered the estate and settled an account on the 7th of July 1838, which was duly confirmed by the orphans' court, showing a balance of personal estate of 1851 dollars and 26 cents, and a balance of rents of 164 dollars and 15 cents, for distribution according to said will. Samuel Meisenhelter, the plaintiff, was the husband of Catharine, a daughter of testator,

IX.—2 E*

[Hamm v. Meisenhelter.]

named in said will, and the said Catharine died in the year 1833, after the making of said will, but before the death of her father, leaving several children surviving her.   The testator gives certain legacies to his several legatees, in the manner and form expressed in said will, which is made part of this case.   If the plaintiff be entitled to recover any thing under said will, judgment to be entered for so much as he may be entitled to.   Otherwise judgment for defendants."

The will of Christian Hamm, after certain bequests to his widow, proceeds as follows:—" Item, I give and bequeath unto my three sons and five daughters the remainder of my estate not yet devised.

" It is my will, that after my decease, my personal estate to be sold at public vendue by my executors, my plantation to be put out on shears during my said wife's life time, or rented, the produce thereof for the use of my said wife before mentioned, the plantation to be kept in good repair, the remainder of the rent be divided among my heirs, share alike, after the decease of my said wife.   It is my will, that my executors, to sell my real estate within one year after her decease, at public sale to the best advantage for the heirs. It is my will that my estate to be equal divided share alike mong my children.   Item. I give and bequeath to my son Samuel, the one-eighth part of my estate.   Item. give and bequeath to my son Daniel one-eighth part of my estate.   Item. give and bequeath to my son Jonas, one eighth-part of my estate.   Item. give and bequeath to my daughter Betsey, the eighth part of my estate.   Item. give and bequeath to my daughter Susanna and William Lenhart, her husband, one-eighth part of my estate.   Item. give and bequeath to my daughter Polly, married to Peter Schultz, and to her heirs one-eighth part of my estate.   Item. give and bequeath to my daughter Hannah, married to Frederick Hambright, one-eighth part of my estate to them.   Item. I give and bequeath to my daughter Catharine, married to Samuel Meisenhelter, the eighth part of my estate, to them, those that I have advanced, to them, in my life towards their legacies shall all be equalised, that they all get share alike."

The court below (Durkee, President) rendered a judgment for the plaintiff.

*Mayer*, for plaintiff in error.
*Barnitz*, for defendant in error.

The opinion of the court was delivered by

HUSTON, J.—To those who have not had some experience in disputes, arising about the meaning and true construction of writings, it appears strange, that so many disputes have arisen on the subject.   Last wills and testaments, have given rise to many of these contests.   The questions have been various, sometimes as to what property has been meant by a particular bequest—sometimes

as to what interest or estate the devisee takes in the property given, and sometimes as to the person or persons to whom the bequest is given, and many sub-divisions of each of these subjects.

Judges have laid down rules as to the construction of writings, particularly of wills; and other judges have said, these rules can only apply to other wills, in the same words as those to which they were first applied; rules as to the quantity of estate given by certain words, when repeatedly sanctioned by decision, become landmarks of property, and ought not to be departed from, unless other parts of the will require their meaning in a particular way.

But where the contest is as to what person or persons the estate is given, there seems to be no difficulty, except to ascertain the meaning of the testator, and that meaning must, if it can be ascertained, be the controlling law of the disposition made of the property. It has been said, the court may transpose words, or reject words to reach the true meaning. That insensible words may or must be rejected, I admit, but I do not admit the authority of a court to reject words, which will give to the will a meaning and effect different from what it would have if these words are left in and considered in forming the construction. I do not speak of clauses directly contradictory, but of clauses, the meaning of which is uncertain.

The whole will is often to be looked at, and if bequests are given to different persons by different clauses and in different language, we must take it this was done for some purpose. The will before us was written by a person not acquainted accurately with the English language, and not accustomed to put his ideas in writing. In disposing of his property, after directing a sale by his executors, he says, I give and bequeath to my son Samuel, the one-eighth part of my estate; then follow devises to Daniel, and Jonas and Betsey, each in the same words as the preceding; then comes "Item: I give and bequeath to my daughter Susanna and William Lenhart, her husband, one-eighth part of my estate. Item: I give and bequeath to my daughter Polly, married to Peter Shultz, and to her heirs, one-eighth part of my estate. Item: I give and bequeath to my daughter Hannah, married to Frederick Hambright, one-eighth part of my estate, *to them.* Item: I give and bequeath to my daughter Catharine, married to Samuel Meisenhelter, the one-eighth part of my estate *to them.* Those that I have advanced *to them,* in my lifetime towards their legacies, shall all be equalised, that *they* all get share alike."

Now the devise is distinctly to Susannah and her husband Lenhart. The next devise as to Polly and her heirs; though her husband is named, it is not in the same manner as in the preceding devise, and we must suppose this was intended. The two following bequests are each in the same words, but those words, different from either of the two preceding. "I give and bequeath to my daughter Catharine, married to Samuel Meisenhelter, the eighth

[Hamm v. Meisenhelter.]

part of my estate *to them.*" Catharine is dead, leaving children; Meisenhelter claims the whole one-eighth as devised to him and his wife, and says this is apparent, nay express by the words *to them*, at the close of the devise. The defendants say, these words are to be rejected. No doubt the two last bequests are awkwardly expressed. So is the last sentence of the will above quoted. In the bequests to the last two children, are the concluding words " *to them;*" entirely unmeaning? Will the sentence convey exactly the same meaning whether they are rejected or retained? We think it would not. " *Them*" is a pronoun, and in grammar comes in instead of repeating the two last named persons. Now certainly the writer of this will knew little of grammar, but every person, even those who never saw a grammar, uses the word *him*, instead of repeating the name of the person referred to; and uses the word *they* or *them*, instead of repeating the names of the persons spoken of. He or him, they or them in writing or in conversation, are not unmeaning nor even vague, when they refer to persons just named before. The words *to them* in the last sentence, is less material, it is redundant, it means the same and refers to the same persons as the previous pronoun *those*, yet even here it does not perplex the meaning, though it does the grammar of the sentence. A redundant word of precisely the same meaning, with a word used before in the same sentence, is very different from the same word, used in a previous sentence, when it has effect and changes the meaning and effect of the sentence.

Judgment affirmed.