# CHARLESTON

SPIES *et al. v.* ARVONDALE AND CLEVELAND RAILROAD CO. *et al.*

Submitted February 20, 1906.    Decided October 30, 1906.

60    389
63    620
d63   621

60    389
64    188
d65    48

1. DEEDS—*Grant on Condition—Conditions Subsequent.*
     In granting real estate upon condition, if the act upon which the

estate depends must be performed before the estate can vest, it is a condition precedent; but where the performance of the act does not necessarily precede the vesting of the title, but may accompany or follow it, it is a condition subsequent. (p. 391.)

2. Equity—*Forfeiture—Enforcement.*
Equity will never lend its aid to enforce a forfeiture, but will sometimes give relief against the consequences of a breach of a condition, and save an estate from forfeiture. (p. 393.)

3. Same—*Dismissal—Effect on Answer.*
When in a suit in equity an answer praying for affirmative relief is filed, and the bill is dismissed because equity is without jurisdiction, the dismissal of the bill carries with it the answer. (p. 394.)

4. Same—*Cross Bill.*
Where the original bill is dismissed, the cross-bill goes with it, where the subject matter of the cross-bill is simply defensive of the case made by the original bill. (p. 394.)

Appeal from Circuit Court, Randolph County.

Bill by Henry Spies and others against the Arvondale & Cleveland Railroad Company and others. Decree for plaintiff, and the Arvondale & Cleveland Railroad Company and the Welch Colony Railroad Company of West Virginia appeal.

*Affirmed in part. Reversed in part.*

Davis & Davis and Talbott & Hoover, for appellants.
Daily & Bowers, for appellees.

Sanders, Judge:

On the 16th day of January, 1892, Johnson N. Camden granted unto the Welch Colony Railroad Company of West Virginia a right of way over three tracts of land lying in Randolph county, known as lots Nos. 17, 20 and 21 of the Davenport survey. The deed contained the following provision: "But this grant and all other rights and privileges under it to cease and be void and of no force or effect if the party of the second part shall fail or refuse to construct and operate its road through said land and to the line of the railroad of the West Virginia and Pittsburgh Railroad Company on Buckhannon River for three years from the date hereof."

In the year 1901, Johnson N. Camden sold to Henry Spies the said three lots, and on June 6, 1904, he conveyed said

lands to Spies. On the 28th day of January, 1904, Spies, by written agreement, sold said lands to Ida M. Butts, James McCormick and Harry T. Wilson, and put them in possession of same, but reserved the legal title.

On the 31st day of October, 1902, an agreement was entered into between the Welch Colony Railroad Company of West Virginia and the Arvondale and Cleveland Railroad Company, by which the former leased to the latter its tracks and right of way for the period of five years. The Welch Colony Railroad Company had laid upon the right of way over lot No. 20 a road with wooden rails, and this road the Arvondale and Cleveland Railroad Company was proceeding to repair, and was replacing the wooden rails with steel, when, on August 12, 1904, the plaintiffs, Henry Spies, Ida M. Butts, James McCormick, Harry T. Wilson and the Pickens and Hacker's Valley Railroad Company filed a bill in the circuit court of Randolph county, in which they alleged that the Welch Colony Railroad Company had never complied with the condition contained in the grant to it from Camden as to the construction of its road, and prayed for an injunction restraining the Welch Colony Railroad Company and the Arvondale and Cleveland Railroad Company from using any part of the land for railroad purposes, which injunction was issued. The defendants demurred and filed answers to plaintiffs' bill. In its answer the Arvondale and Cleveland Railroad Company, after averring that the provisions of the deed from Camden to the Welch Colony Railroad Company had been fully complied with by the latter company, alleged that while it was proceeding with its work of laying track on the location of the Welch Colony road, the plaintiffs, on two occasions, tore up the track, and asked, by way of affirmative relief, for a counter injunction restraining the plaintiffs from interfering with its possession. This injunction was granted, but was, on the final hearing of the cause, dissolved, at which time the court perpetuated the injunction awarded to the plaintiffs, and from the decree so adjudicating the defendants have appealed.

There was a demurrer to plaintiffs' bill. Should it have been sustained? This depends upon whether the condition reserved in the deed is precedent or subsequent. If precedent, the estate granted would not vest until the perform-

ance of the condition, but if subsequent, the estate vested immediately, subject to be determined upon a non-compliance with the condition. In ascertaining whether a condition is precedent or subsequent, the intention of the party imposing the condition will be searched for, by considering the whole instrument, and not merely the terms of a part of it. Conditions subsequent, especially when relied upon to work a forfeiture, must be created by the express words of the grant, or by clear implication, and must be construed strictly. The law favors the present vesting of estates, even though they may be subsequently divested. And in determining whether or not it is a condition precedent or subsequent, courts will lean to that construction which makes it subsequent rather than precedent. "But it is not always easy to determine whether the condition created by the words of a devise or conveyance is subsequent or precedent. The construction must depend upon the intention of the parties, as gathered from the instrument and the existing facts, since no technical words are necessary to determine the question." Washburn on Real Prop., (6th Ed.) sec. 941. In *Underhill* v. *Saratoga R. R. Co.*, 20 Barb. 455, the court stated as a rule that "if the act or condition required do not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent." *Jones* v. *R. R. Co.*, 14 W. Va. 514; *King* v. *Ry. Co.*, 99 Va. 625; *Finlay* v. *King*, 3 Pet. 346; 2 Minor's Inst., 266; 13 Cyc., 689; Jones on Real Property, sec. 619.

From the language of the deed from Camden to the Welch Colony Railroad Company it is clear that it was the intention of the parties that the easement granted should vest immediately in the railroad company, subject to be forfeited if the latter should fail to build the railroad, as therein provided, within three years. The right of way granted was for the purpose of the construction, building and use of a railroad, which was to be completed within the time limited in the agreement. It was not necessary that the act upon which

the estate depended should be done before the estate vested. This would have to be so, to make it a condition precedent. The grantee had the right to the immediate possession of the property for the purpose of carrying out the terms of the grant, and for such purpose the easement granted vested immediately.

The condition being subsequent, the title to the right of way passed to the Webb Colony Railroad Company immediately upon the execution and delivery of the deed, and having thus passed and vested, the plaintiffs claim that it was forfeited on account of a breach or non-compliance with the condition reserved in the deed. A court of equity is without jurisdiction to enforce a forfeiture. It will never lend its aid to enforce a forfeiture, but it will sometimes relieve against the consequences of a breach of a condition and save an estate from forfeiture. Pomeroy's Eq. Jr., sec. 460, says: "There are, in fact, no exceptions to this doctrine; those which appear to be exceptions are not so in reality."

"Equity will not enforce a forfeiture. It will not divest a vested estate by enforcing a forfeiture for the breach of a subsequent condition. In such case the party is left to his legal remedy." *Craig* v. *Hukill*, 37 W. Va. 520. Also see *Hukill* v. *Myers et al.*, 36 W. Va. 639; *Warner* v. *Bennett*, 31 Conn. 478; *Beecher* v. *Beecher*, 43 Conn. 556; *Oil Creek R. Co.* v. *Atlantic & Great Western R. Co.*, 7 P. F. Smith, 57 Pa. St. 65; *Keller* v. *Lewis*, 53 Cal. 113; *White* v. *Ry. Co.*, 13 Mich. 356; *Krutz* v. *Robbins*, 12 Wash. 7; 50 Am. St. Rep. 871; *Marshall* v. *Vicksburg*, 15 Wall. 146; *Horsbury* v. *Baker*, 1 Peters 232; 16 Cyc. 80; Washburn on Real Prop., (7th Ed.) sec. 963; 2 Story Eq. Jur., sec. 1319. "A court of equity will not enforce a penalty or forfeiture, and therefore will not lend its aid to divest an estate for breach of condition subsequent." *Smith* v. *Jewett*, 40 N. H. 530. "A court of equity does not lend its aid to divest an estate for the breach of a condition subsequent." *Livingston* v. *Tompkins*, 4 Johns Chy. 415. "A court of Equity has no jurisdiction to enforce forfeiture. If the vendor in a land contract desires such relief, he must seek it at law or by entry for the breach of condition." *Fitzhugh* v. *Maxwell*, 12 Post (Mich.) 138. "A court of equity will not entertain

a bill to .enforce a forfeiture nor to divest an estate for breach of condition subsequent, although it is brought on special grounds of removing clouds." *Ry. Co.* v. *Neighbors*, 51 Miss. 412. Therefore, it follows that the demurrer to the plaintiff's bill should have been sustained.

It is contended that the counter injunction awarded upon the answer of the Arvondale and Cleveland Railroad Company should have been perpetuated, and that the court erred in dissolving it. A court of equity being without jurisdiction to enforce a forfeiture, the plaintiff's bill should have been dismissed, and this being so, the answer asking for affirmative relief would necessarily fall with it. Where a court of equity has no jurisdiction to entertain the bill, no relief can be given upon an answer filed in the cause asking for affirmative relief. And, again, the subject matter of the answer is simply defensive of the case made by the original bill, and when this is so, the dismissal of the bill carries with it the answer or cross-bill. "The general rule is, that the dismissal of the original bill carries with it the cross-bill, as the latter is ordinarily considered merely an auxiliary of, and dependency on, the original bill." 5 Ency. Pl. & Pr., p. 162; *Piedmont &c. Life Ins. Co.* v. *Maury*, 75 Va. 508; *Dows* v. *City of Chicago*, 11 Wall. 108; *Cross* v. *De Valle*, 1 Wall. 5. "This is certainly the case, when the subject matter of the cross-bill is simply defensive of the case made by the original bill." 5 Ency. Pl. & Pr., p. 663; *W. Va. Oil &c. Co.* v. *Vinal*, 14 W. Va. 698; *Lowenstin Bros.* v. *Hooker*, 71 Mass. 102.

The decree of the circuit court, in so far as it perpetuates the injunction granted upon plaintiffs' bill, is reversed, the injunction dissolved, and the bill dismissed for want of equity, and in all other respects it is affirmed; and the parties are left to their legal remedies.

*Affirmed in part.    Reversed in part.*