## Riggs, Appellant, *v.* New Castle.

*Deeds—Municipal corporations—Fee simple—Easement in gross—Base fee.*

1. A declaration in a grant to a corporation that land is conveyed for certain purposes does not necessarily import a limitation of the fee. It is to be construed rather as an assertion of the intended legality of the grant.

2. A written agreement, under seal, which provides that a borough, its lessees and assigns, "may and shall occupy forever for purposes of wharf" certain land of parties named and that these parties may and shall occupy forever certain land belonging to the borough, passes a fee absolute in the land conveyed to the borough.

3. No prescribed form is essential to the validity of a deed; and a deed informally drawn will convey a fee.

Argued Oct. 10, 1910. Appeal, No. 164, Oct. T., 1910, by plaintiffs, from judgment of C. P. Lawrence Co., March T., 1906, No. 39, on verdict for defendant in case of Bird C. Riggs et al. v. City of New Castle. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in New Castle city. Before PORTER, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* among others was in giving binding instructions for defendant.

*H. K. Gregory,* with him *S. P. Emery* and *T. W. Dickey,* for appellants.—The instrument did not attempt to pass the fee, either by apt words for a feoffment, bargain and sale, or grant: Lacy v. Green, 84 Pa. 514; Lane v. Nelson, 167 Pa. 602; Slegel v. Lauer, 148 Pa. 236.

If an estate passes it passed for a specified purpose and was determinable upon the cessation of the use of the property for that purpose: Slegel v. Lauer, 148 Pa. 236.

*James A. Gardner,* city solicitor, for appellee.—It is not necessary to have formal legal or other operative words in a deed or other writing: Wilkes-Barre v. Wyoming Historical, etc., Soc., 134 Pa. 616; Auman v. Auman, 21 Pa. 343; Krider v. Lafferty, 1 Whart. 303; Bennett v. Robinson, 10 Watts, 348.

An agreement to sell land to be used for a specified purpose is not a condition or limitation and does not change the conveyance or title to a base fee: First Methodist Church v. Public Ground Co., 103 Pa. 608; Seabold v. Sitler, 34 Pa. 133; Kerlin v. Campbell, 15 Pa. 500; Sellers M. E. Church's Petition, 139 Pa. 61; McCalla's Est., 16 Pa. Superior Ct. 202.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1911:

The proper construction of a written instrument is the essential point for determination in this case.

In 1856 the land in controversy was owned by certain ancestors of the present plaintiffs. On March 1 of that year they, as parties of the first part, entered into a written agreement under seal with the borough of New Castle, as party of the second part, which was duly acknowledged and filed of record. This writing provides: "The parties of the first part upon consideration of the premises hereinafter expressed, hereby agree that the said party of the second part, its lessees and assigns may and shall occupy forever for purposes of wharf all that strip of land lying on the west side of Neshannock Creek (describing the

land in controversy) in consideration whereof said Borough hereby agrees that said parties of the first part may and shall occupy from and after the date hereof without let, hindrance or interference from the said Borough to the sole use, benefit and behoof of said parties of the first part, their heirs and assigns forever and for whatever purpose the said parties of the first part may see proper" (here follows a description of a piece of land then owned by the borough).

The plaintiffs contend that this instrument only gave to the borough an easement in gross which has since been terminated by operation of law. The defendant contends that it created a fee absolute.

While the writing in question is not styled a deed or conveyance, it is clear that it is an agreement of bargain and sale founded upon a valuable and sufficient consideration, and having been recorded it had the effect of a feoffment with livery of seisin or of a deed under the statute of uses: Eckman v. Eckman, 68 Pa. 460. "Although there are certain formal parts usual to deeds, yet it is not absolutely necessary that a deed should contain all of these parts, it being sufficient that the matter written should be legally and orderly set forth, by words which clearly specify the agreement and meaning of the parties and bind them. Nor is any prescribed form essential to the validity of a deed; and a deed informally drawn will convey the fee:" 13 Cyc. 537; Auman v. Auman, 21 Pa. 343. The word "successors" is not essential to pass a fee: Wilkes-Barre v. Wyoming Historical, etc., Society, 134 Pa. 616; "so the words 'bargain and sale' are not necessary to constitute a deed of bargain and sale, in order to pass a fee-simple:" Krider v. Lafferty, 1 Whart. 303. "In the primary and most familiar sense of the word 'occupy,' it is the equivalent of the word 'possess.' It implies the conception of permanent tenure for a period of greater or less duration:" Lacy v. Green, 84 Pa. 514; Lane v. Nelson, 167 Pa. 602; and the word "forever" means "eternally:" 19 Cyc.

1353. "The word . . . . 'forever,' is . . . . one appropriate to . . . . the durability of land:" Landell v. Hamilton, 175 Pa. 327, and "it is the natural adjunct of a fee-simple:" Lessee of Hall v. Vandegrift, 3 Binney, 374; Saxton v. Mitchell, 78 Pa. 479.

The writing stipulates that the borough of New Castle, its lessees and assigns may and shall occupy forever certain land of the grantors, and that the grantors may and shall occupy forever certain land belonging to the borough. This was a mutual grant, and it seems plain that it must have been the intention of the parties that the words "may and shall occupy forever" should have the same meaning in both instances. This language was sufficient to pass a fee absolute and the additional words "for the purposes of wharf" used in connection therewith should not be taken to diminish the estate so created. As noted by the court below, the words of the grant "are not preceded or followed by any words of condition or limitation. The instrument does not state that the grant is made upon condition or provided that a wharf be built or maintained, nor does it say that the grant is to continue 'so long as' or during such time as the premises are used for the purposes of a wharf, nor are there any other words of condition or limitation used."

In Siegel v. Lauer, 148 Pa. 236, it is said: "The mere expression of a purpose will not of and by itself debase a fee. Thus, a grant in fee-simple to county commissioners of land 'for the use of the inhabitants of Delaware county to accommodate the public service of the county' was held not to create a base-fee . . . .; as also a grant to county commissioners and their successors in office of a tract of land with a brick court house thereon erected 'in trust for the use of said county, in fee-simple,' the statute under which the purchase was made authorizing the acquisition of the property for the purpose of a court house, jail and office for the safe keeping of the records. . . . Similarly a devise of land to a religious body in fee 'there to build a meeting house upon' was held to

pass an unqualified estate . . . .; as also a grant to a congregation 'for the benefit, use and behoof of the poor of . . . . the congregation . . . . forever, and for a place to erect a house of religious worship, for the use and service of said congregation, and if occasion shall require a place to bury their dead.' . . . ."

Most of the cases on the subject under discussion are reviewed in the opinion of Judge ENDLICH from which we have just quoted and which is reported and expressly approved by this court in the case last cited. It is there pointed out that this court has ruled more than once that a declaration in a grant to a corporation that land is conveyed for certain purposes does not necessarily import a limitation of the fee. To again quote from that opinion: "Such a declaration can amount to no more than an explicit assertion of the intended legality of the grant. As was said, in the case of Griffitts v. Cope (17 Pa. 96): 'The use to which the granting clause declares that this land is to be applied is of the character which the law requires. . . . The presumption would therefore appear fair and obvious, that by that declaration, the devisor merely meant to make the grant lawful upon its face;' and in Brendle v. German Reformed Congregation (33 Pa. 415): 'What then is the efficacy of the declaration that the congregation holds the land for the use of its poor, for a church, and for a burial ground? Nothing, except to show that they hold it for a purpose for which the law allows congregations to hold land. Not to limit their own title, but to recognize the uses allowed by law.' . . ." In First Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608, we stated: "The authorities show that the recital of the consideration and the statement of the purpose for which the land is to be used are wholly insufficient to create a conditional estate." The subject is also discussed in Wilkes-Barre v. Wyoming Society, supra, and in Sellers M.-E. Church's Petition, 139 Pa. 61.

Under the Act of April 3, 1851, P. L. 320, the borough

had the right "to hold, purchase and convey such real and personal estate as the purposes of the borough shall require. . . ." It had no right to acquire real estate unless for a proper municipal purpose, nor to convey its real estate unless to serve such purpose. With this in mind, and considering that the writing makes no provision for a forfeiture or termination of the estate and uses no words which must be taken as a condition, we construe the phrase, "for the purposes of wharf," not as a limitation of the estate given to the borough, but rather as used for the purpose of showing the mutual grant "to be lawful upon its face."

As we agree with the court below that the borough took a fee, it becomes unnecessary to pass upon the question of the extinguishment of the alleged easement.

The assignments of error are all overruled and the judgment is affirmed.