## Schultz *v.* Grove, Appellant.

*Deeds—Estate in fee—Easement of right of way—Covenant.*

Where a deed grants, bargains and sells land, particularly described by boundaries, and states that "the said piece of land is to be twenty-five feet wide for the privilege of a road," and further contains a clear, unequivocal conveyance to the grantee of every right of reversion that otherwise might remain in the grantor, and this is followed by the usual habendum clause, and a covenant of general warranty, without any right of entry reserved, the deed conveys to the grantee an estate in fee in the land, and not a mere easement of a right of way over the soil.

A grant declared to be for a special purpose, without other words, cannot be held to be a condition.

Argued April 9, 1918.   Appeal, No. 18, April T., 1918, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1915, No. 77, on verdict for plaintiff in case of Hettie Schultz v. C. J. Grove.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Ejectment for a strip of land twenty-five feet wide, in Troy Township.   Before PRATHER, P. J.

At the trial it appeared that plaintiff and defendant claimed under a common ancestor, A. G. Proper.   The case turned on the construction of a deed from A. G. Proper to Jacob E. Proper, executed on February 16, 1861.   The material portions of this deed are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff.   Defendant appealed.

494, (1918).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1) in admitting in evidence the deed from A. G. Proper to Jacob E. Proper, and (6) refusing binding instructions for defendant.

*C. Victor Johnson,* with him *John O. McClintock* and *Walter J. McClintock* for appellant.—The deed conveyed a right of way only: Slegel v. Lauer, 148 Pa. 236.

*Frank J. Thomas,* with him *Paul E. Thomas,* for appellee.—The deed conveyed an estate in fee simple: First Methodist Episcopal Church of Columbia v. Old Columbia Public Ground Co., 103 Pa. 608; Seebold v. Shitler, 34 Pa. 133; Brendle v. German Reformed Congregation of Jackson Twp., 33 Pa. 415; Slegel v. Lauer, 148 Pa. 236; Riggs v. New Castle, 229 Pa. 490.

OPINION BY HEAD, J., November 30, 1918:

Both of the parties to this action of ejectment claim title to the lands they respectively own through and under a common ancestor. In 1861 that ancestor, then the owner of the premises in dispute, executed and delivered to the predecessor in title of the plaintiff a deed of conveyance. After naming the parties and the money consideration, the deed proceeded to "grant, bargain, sell, release and confirm unto the said party of the second part, his heirs and assigns, all that certain piece or parcel of land situate, etc." Then follows a description of the land by boundaries which concludes with these words: "And the said piece of land is to be twenty-five feet wide for the privilege of a road." The deed then carries all of the hereditaments and appurtenances thereunto belonging and the remainders and reversions, rents, issues and profits thereof "to have and to hold the premises hereby granted with the appurtenances unto the said party of the second part, his heirs and assigns, to the use of the said party of the second part, his heirs and assigns forever." And finally there is embraced a solemn covenant in which the grantor declares he will war-

rant and forever defend the said premises in the possession of the second party, his heirs and assigns, against the claim of all other persons whatsoever.

If by virtue of that grant the grantee took an estate in fee in the premises described, the defendant's case must fall. If, on the other hand, the deed conveyed no land or estate therein to the grantee but only an easement of way over the soil, then the plaintiff could not maintain this action and the trial should have resulted in a verdict and judgment for the defendant.

In the absence of the words "for the privilege of a road" it must be conceded the deed would have conveyed an absolute fee simple estate in the land described. On what theory can it be held that the expression quoted cut down and destroyed the fee that would otherwise have resulted? The conveyance, as we have seen, contained the usual covenants of grant, bargain and sale. Whatever was conveyed passed to the grantee, his heirs and assigns, in perpetuity. The subject of the grant is expressly declared to be "all that certain piece or parcel of land." The grant of the land itself carried with it all of the hereditaments and appurtenances incident to a grant in fee as well as every right to any reversion thereof, and all of these things the grantor covenanted he would warrant and forever defend for the benefit of the grantee, his heirs and assigns, against any and every other person undertaking to claim the same. There was then no duration fixed at the expiration of which the land was to revert to the grantor or his heirs. There was no language used adequate to declare that whatever was granted was to subsist in the grantee only until or so long as he used it for some specific purpose. There was no restriction whatever on the right of alienation that would be the ordinary incident of a fee simple estate.

Under these circumstances we are of opinion that we but declare a principle established by a long line of decisions when we hold that the grantee, in the conveyance

in question, took an estate in fee in the land and not merely an easement of way over it. In First Methodist Episcopal Church v. Columbia Public Ground Co., 103 Pa. 608, the parties of the first part, in an executory agreement for the future conveyance of a certain piece of ground, covenanted that they would thereafter, by a proper deed, grant, convey and assure in fee simple and clear of all encumbrances the property described for a reservoir in trust for the sole use of a company which may hereafter be formed for the purpose of bringing a supply of water. A reservoir was erected thereon and used for a time, after which a larger site was purchased from another. The old reservoir was filled up and thereafter sold to other parties. The question was, did the instrument from which we have quoted have the effect of conveying a conditional estate, or did the grantees take an estate in fee simple? We quote the following from the opinion of the Supreme Court, speaking through Chief Justice MERCUR: "Did the writing create a conditional estate? It contained none of the technical words usually employed for that purpose; neither sub conditione proviso, nor ita quod." After distinguishing two earlier cases the opinion goes on, "When, however, subsequent conditions are relied on to work a forfeiture, they must be created by express terms or clear implication, and are construed strictly. The policy of the law is to render the alienation and transfer of land as free as possible, and conditions are not favored in law. Therefore whenever words can be construed either as a condition, reservation, or a covenant, the tendency of the courts is to construe them as one of the latter, rather than as the former. (Cases cited.) A mere recital in the deed that it is made upon a certain consideration will not raise a condition. Where a deed set forth that the estate thereby conveyed was given to the commissioners of a county in consideration of a county seat having been located on the premises, it was held that no condition was thereby created that the coun-

ty seat should be kept there." Several cases to the same effect are then considered and the following language from the opinion of Mr. Justice BIGELOW in Packard v. Ames, 16 Gray 327, is cited with approval: "We know of no authority by which a grant declared to be for a special purpose, without other words, can be held to be a condition. On the contrary, it has always been held that such a grant does not convey a conditional estate unless coupled with a clause for the payment of money or the doing of some act by the grantee, on which the grant is clearly made to depend."

Turning then more particularly to an examination of the executory contract there under consideration, the learned chief justice points out not only that there was an undertaking to convey in fee but these further considerations: "No restraint was imposed on an alienation of the land. No construction of a reservoir, nor any work on the ground, was required to precede the right to demand a deed. No clause provided for a forfeiture or termination of the estate, in case the land ceased to be used as a reservoir. No right of reëntry was reserved by the grantor on any contingency. No technical word to create a condition was used. No other words were used, equivalent thereto, or proper to create a condition."

All of these considerations apply with equal force to the case in hand save only in two particulars in which the conveyance before us is stronger against the claim of the appellant than was the instrument construed in the case cited. Here we have not only an executory agreement to convey a fee but a deed in the usual form actually conveying it unless that result was destroyed by the use of the expression "for the privilege of a road." Here we have not only no right of entry reserved by the grantor but a clear and unequivocal conveyance to the grantee of every right of reversion that otherwise might remain in the grantor. We have quoted at length from the opinion of Chief Justice MERCUR because, in our judgment, if the principles therein so clearly stated are

still the law of the land, they are decisive against the case of this appellant. That they are still in full force there appears little room to doubt after an examination of the cases of Slegel v. Lauer, 148 Pa. 236, and Riggs v. New Castle, 229 Pa. 490.

For the reasons indicated we are constrained to adopt the conclusion that the plaintiff's predecessor in title took a fee in the land described in the deed from the common ancestor, and that being true, there would be no foundation to support a judgment in favor of the appellant. The assignments of error are overruled.

Judgment affirmed.