**PRIDDY v. SCHOOL DISTRICT NO. 78, COTTON COUNTY, et al.**

Nos. 11505, 11951, and 12289, Consolidated.

Opinion Filed July 3, 1923.

Rehearing Denied Oct. 9, 1923.

**1. Deeds — Conditions Subsequent — Forfeitures not Favored.**

One cardinal principle of realty law is that conditions subsequent are not to be favored or raised by inference or implication. The law is opposed to forfeiture of estates.

**2. Same — Construction — Grant for Particular Use—Covenants.**

A grant of real property for a particular use without words of forfeiture does not create a condition subsequent, but is a covenant, and in cases of doubt as to whether a clause in a deed is a covenant or a condition subsequent, the courts of law will incline against the latter construction and will resolve the doubt in favor of a covenant.

**3. Same.**

A deed will not be construed to create an estate on conditions unless the language used, by its own force, imports a condition, or unless the intention of the grantor to create a condition subsequent is clearly expressed by the terms of the deed.

**4. Same—"Causa" and "Pro".**

Words "causa" and "pro" when used in deeds are sometimes said to create a condition subsequent; that is, where a deed is made in express terms for a specific purpose, or in consideration of an act to be done or service rendered; but this exception to the general rule is confined to cases where the subject-matter of the grant is in its nature executory.

**5. Same — Effect of Additional Use of Property.**

A grant of real estate for some particular use, coupled with a condition subsequent, will not warrant a forfeiture of the prop-

erty by implication on account of additional use.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by B. F. Priddy against School District No. 78, Cotton County, et al., for possession of real estate and for damages in trespass. Judgment for defendants, and plaintiff brings error. In another action by the same plaintiff against School District No. 78 et al, there was judgment against plaintiff, and he brings error. Also in a third action by Ida L. Eddy et al. against School District No. 78 et al. there was judgment against plaintiffs, and they bring error. Last two actions consolidated with the first. Affirmed.

J. B. Dudley, for plaintiffs in error Eddy et al.

R. T. Holmes, C. G. Yonkey, W. E. Holmes, D. W. Eaton, J. W. Brooks, and W. C. Stevens, for plaintiff in error Priddy.

Dudley B. Madden and J. A. Germany, for defendants in error School District No. 78 et al.

B. M. Parmenter, for defendant in error Lawton Refining Company.

Opinion by STEPHENSON, C. The plaintiff in error commenced his action No. 957 in the district court of Cotton county, on June 2, 1919, against school district No. 78 et al. for damages growing out of trespass on real estate alleged to be the property of the plaintiff. The plaintiff was denied recovery in the cause, and has brought error to this court, being designated herein as No. 11505. Thereafter, on July 25, 1919, the plaintiff filed his action No. 925 in the district court of the same county against school district No. 78 et al. seeking relief for alleged damages to real estate owned by him as covered by the first cause. The plaintiff was denied recovery and has likewise brought error to this court for review, being designated herein as No. 11951. Thereafter, and on November 3, 1919, Ida L. Eddy et al., who were named as defendants in the first two causes, as heirs of Frank B. Eddy, deceased, commenced their action No. 986 in the district court of Cotton county against school district No. 78 et al., claiming to be the owners of the property involved in the first two named actions, seeking recovery thereof and damages alleged to have grown out of trespass, as hereinafter more fully set forth. The plaintiffs were denied recovery in the action,

and have brought error to this court for review, the cause being designated herein as No. 12259. Upon motion of all the parties to the three actions, this court ordered the consolidation of the two causes with cause No. 11505, pending in this court. The questions presented for review by appeal and cross-appeal in cause No. 11951 and 12289 will be considered and reviewed in this cause designated as No. 11505.

The controversy between and among the parties in this cause has its inception in a real estate conveyance dated April 17, 1903, from Frank B. Eddy and wife, Ida L. Eddy, to school district No. 78, being one of the defendants in error in this cause. The land sought to be conveyed by the deed is described therein as "one acre of land situated in the southeast corner of the southeast quarter section 4, twp. 2 south, range 10 W. now occupied as a schoolhouse site." Later Cotton county was formed out of portions of Comanche county and other counties, which included the school site. The property in question by reason of the creation of Cotton county, is now situated in the latter county. There was a controversy between the parties in the trial court as to the particular location of the school site and the area of land conveyed by the deed. At the time of the conveyance there was a public highway along the south and east sides of the quarter section. It was the contention of the plaintiffs that the one acre school site so conveyed was described as to cover the area of the public highway. On the other hand, the school district contended that the description of the acre by the use of the words "used as a school site" excluded the public highway. An issue of fact was joined upon this question and the cause submitted to the court for decision. The court found, upon the issues and proof, that the deed conveyed one acre of land designated as an equilateral quadrangle, and lying adjacent to the public highway on the south and east sides of the quarter section. There was competent testimony reasonably tending to support the judgment of the court in this respect, and no error was committed in the findings as to the location and description of the school site. The main controversy between and among the parties to the action herein considered grows out of the construction to be placed upon the following words found in the habendum clause of the Eddy deed:" * * * as long as used for a school house site. If it is ever abandoned as a school house site, said land shall revert to Frank B. Eddy." Later Frank B. Eddy and wife conveyed the quarter section of land, less the school

site, to Oliver Priddy, and B. F. Priddy took and now holds that portion of said quarter section by mesne conveyance. B. F. Priddy claims that his title so acquired has vested in him the right of reversion to the school site by reason of the matters hereinafter set forth. Ida L. Eddy et al. claim the right of reversion as the heirs of Frank B. Eddy, deceased.

It is admitted that the school district purchased and placed a school building on the site in question soon after its purchase, and has conducted a common school in said building at regular intervals at all times. It is further admitted by the parties that the school district undertook to grant an oil and gas mining lease on January 27, 1919, to a development company, who brought in a producing well on the school site along in June of the same year, and has continued to operate and produce oil from the premises at all times. It is not contended by any of the parties to this action that the school district has failed to conduct a school term for the usual period of time each year since the acquirement of the property. The Eddy heirs assert that the additional use of the premises for oil development and production has operated to divest the school district of the title, by the terms of the deed, and vest the same in them. The contrary is urged by the defendants in error. The rights of the contending parties depend upon the construction to be placed upon the deed from Eddy and wife to the school district.

The deed is in the form of a grant of land upon condition subsequent. The fee passed by a deed upon a condition subsequent in the same manner and to the same extent as if the condition did not exist, subsequent to the contingency of being defeated as provided by the condition. M. & C. R. R. Co. v. Neighbors, 51 Miss. 412; Spect v. Cregg, 51 Cal. 198; Evenson v. Webster (S. D.) 44 Am. St. Rep. 802; Randall v. Wentworth 100 Me. 177, 69 Atl. 871; Spies v. R. Co., 60 W. Va. 389, 55 S. E. 464.

Therefore, by the terms of the deeds, the conveyance from Eddy and wife to the school district, vested in the grantee the fee-simple title to the land in question, subject to the contingency of being defeated if the school district should abandon the property as a school site. The deed provides for forfeiture if the property should be abandoned as a school site, but does not provide for a forfeiture by the additional use of the property. If the additional use of the property for the production of oil constitutes a wrong, the courts of equity

of the state have been open at all times for enjoining the wrong complained about, and as equity affords a remedy, the law will not imply a forfeiture for an act for which the parties did not express a forfeiture in the grant. Bdwy. v. The State, 8 Blackf. (Ind.) 290; Perry v. McEwen, 22 Ind. 440. The law is opposed to forfeiture of estates and will not imply a forfeiture where none is expressed by the terms of conveyance. Fraley v. Wilkinson, 79 Okla. 21, 191 Pac. 156; McElroy v. Pope, 153 Ky. 108, 154 S. W. 903, 44 L. R. A. (N. S.) 1220; Rawson v. School District No. 5, in Uxbridge, 7 Allen 125, 83 Am. Dec. 670; Riggs v. Newcastle, 229 Pa. 490, 78 Atl. 1037, 140 Am. St. Rep. 733; Curtis v. Board of Education (Kan.) 23 Pac. 98; Monroe v. Syracuse Ry. Co. (N. Y.) 93 N. E. 516; Southwick v. N. Y. Society (N. Y) 103 N. E. 1183; Huntley v. McBayer (N. C.) 90 S. E. 754; Green v. O'Conner (R. I.) 19 L. R. A. 262; Cross v. Carson (Ind.) 44 Am. Dec. 742; Adams v. First Baptist Church (Mich.) 11 L. R. A. (N. S.) 509.

If a forfeiture is not expressed by the terms of the conveyance, an additional use of the property, if it should constitute a wrong, cannot be made the basis for an implied forfeiture, because the deed may happen to provide for a forfeiture for some other act. Gage v. School District, 64 N. H. 232, 9 Atl. 387; Crane v. Hyde Park, 135 Mass. 147.

It is admitted by all parties that the school district has used the property for a school site at all times, but the complaint is made that the defendant school district has put the property to additional use. Though the act of the defendant school district in causing the development of the property for oil production is an additional use, such action upon the part of the school district will not support the right of forfeiture. The right of the plaintiffs, if any, in the property is the right of reversion in the event the condition subsequent should occur. It cannot be said that the subsequent event will occur to vest the title in the plaintiffs; if not, the fee-simple title continues in the school district. The law does not allow recovery for speculative or remote damages.

Having arrived at the conclusion that the additional use of the property will not work a forfeiture, it is immaterial whether or not the acts complained of constitute a misuse, or wrongful use of the property, as the plaintiffs' right to recover in this action depends entirely upon whether or not the acts complained of operated to divest the

title from the district and vest same in the plaintiffs.

It follows that the court did not commit error in sustaining demurrer to the amended petition in one of the causes, and sustaining demurrer to plaintiffs' evidence in the other causes.

Therefore we recommend that the judgment be affirmed.

By the Court: It is so ordered.