## Marysville Civic Club, Inc., v. Leiby

*Carl B. Shelley* and *Frank E. Tressler*, for plaintiff.

*Rice, Snyder, Miller, Hull & Hull*, for defendant.

BARNETT, P. J., March 14, 1934.—The plaintiff's bill in equity prays for a decree for the specific performance of oral contracts for the purchase from the defendant of two adjoining lots of ground situate in Marysville Borough. The case is before us on bill, answer, and a deed for the lots placed upon the record by stipulation of counsel.

### Findings of Fact

1. The Marysville Civic Club, an unincorporated association, organized January 28, 1913, was chartered under Pennsylvania laws on August 16, 1927, with the name of Marysville Civic Club, Inc.

2. Marysville Civic Club, Inc., the plaintiff, succeeded to all the rights, property, and assets of the unincorporated association.

3. The plaintiff, on or about April 1, 1923, orally contracted with the defendant, Scott S. Leiby, the plaintiff to buy and the defendant to sell at the price of $300 a lot of ground in the Borough of Marysville; and again on June 1, 1923, orally contracted, the plaintiff to buy and the defendant to sell an adjoining lot at the price of $750. Immediate possession of the lots, respectively, was to be given by the defendant and accepted by the unincorporated association.

4. The plaintiff, on April 2, 1923, made to the defendant its first payment on account of the purchase price. Its eleventh and last installment, paid May 13, 1929, completed the payment to the defendant of the sum of $1,050, the full consideration for the two lots.

5. The plaintiff, on June 22, 1929, and again on August 15, 1930, requested the defendant to deliver to it his deed in accordance with the oral contracts for the sale of the lots, but this the defendant neglected or refused to do.

6. The plaintiff, in the years 1923 to 1928, inclusive, expended in permanent improvements upon the property, to fit it for use as a public "playground and recreational centre", sums aggregating $1,486.49.

7. Preliminary objections to the bill of complaint filed March 16, 1931, and additional objections filed June 8, 1931, were dismissed by the court on August 23, 1932, whereupon the defendant filed an answer to the bill on September 6, 1932.

8. The defendant and his wife executed a deed under date of June 24, 1932,

conveying the two lots to Marysville Civic Club, Inc. The deed recited a consideration of $1, and was recorded in the recorder's office of Perry County on July 22, 1932, in deed book volume 113, at page 457.

9. The habendum clause of the deed contained the following: "To have and to hold [etc.], to be used as a playground and recreational centre for the residents of the Borough of Marysville and vicinity".

10. The bill of complaint averred that the oral contracts required the defendant to execute and deliver to the plaintiff, upon payment of the purchase money, "a general warranty deed in fee simple, free from all liens, encumbrances, restrictions, easements, reservations, and conditions whatsoever". The defendant, in his answer, alleged that the oral contracts provided for conveyance of the lots "subject to certain restrictions and conditions, which were a part consideration in the sale of the ground."

*Discussion*

At the hearing, after counsel for the plaintiff had placed upon the record certain portions of the bill and answer, when reference was made to the alleged objectionable restrictive clause in the deed, quoted in finding of fact no. 9, counsel for defendant raised the question that the words objected to did not in fact create a restriction nor even a cloud upon the title. The court, being of this opinion, announced that the bill would be dismissed, but at the cost of the defendant, and the calling of witnesses was dispensed with.

We are convinced that the words in question create neither a restriction, a condition, nor a cloud upon the title.

In the case of First Methodist Episcopal Church of Columbia v. Old Columbia Public Ground Co., 103 Pa. 608, it appeared that one John L. Wright had covenanted in writing to convey to Brenneman et al., certain land upon which to construct a reservoir, "for the sole use of a company which may hereafter be formed for the purpose of bringing a supply of water into the borough of Columbia," in consideration whereof the covenantees promised to supply Wright, his heirs and assigns, upon his erecting a hydrant at his own expense, water therefrom "sufficient to water his cattle or stock or for the use of a family at all times when the same is in repair or water sufficient therein." This interest Brenneman et al. later released to the Columbia Water Company upon its organization. The water company maintained a reservoir upon the land for about 50 years, when it filled up the reservoir and conveyed the land to the defendant (appellant) in fee, who erected a church upon it. Wright constructed and maintained a water trough for his cattle for a few years, but it was removed and later Wright died. Some years after his death his heirs conveyed the land to the plaintiff (appellee). The plaintiff sued the defendant in ejectment for the land and recovered a verdict. The Supreme Court, reversing the judgment entered on the verdict, after reference to a number of decisions, said (p.614):

"Whatever words are relied on as creating a condition must not only be such as of themselves would create a condition, but must be so connected with the grant as to qualify or restrain it: Laberee v. Carleton, 53 Me. 211. It was said by Mr. Chief Justice Bigelow in Packard et al. v. Ames et al., 16 Gray 327: 'We know of no authority by which a grant declared to be for a special purpose, without other words, can be held to be a condition. On the contrary, it has always been held that such a grant does not convey a conditional estate unless coupled with a clause for the payment of money or the doing of some act by the grantee, on which the grant is clearly made to depend.' To make the estate conditional the words must clearly show such intent: Cook v. Trimble, 9 Watts 15.

"Turning to the writing executed by Wright we see that he absolutely and unconditionally covenanted to convey the premises in fee simple clear of all incumbrances, to the vendees, their heirs, or assigns, whenever requested by them. No restraint was imposed on an alienation of the land. No construction of a reservoir, nor any work on the ground, was required to precede the right to demand a deed. No clause provided for a forfeiture or termination of the estate, in case the land ceased to be used as a reservoir. No right of re-entry was reserved by the grantor on any contingency. No technical word to create a condition was used. No other words were used, equivalent thereto, or proper to create a condition. The authorities show that the recital of the consideration and a statement of the purpose for which the land is to be used are wholly insufficient to create a conditional estate."

See also Sapper et al. v. Mathers, 286 Pa. 364, and Lancaster School Dis. v. Lancaster County, 295 Pa. 112.

In Rankin Regular Baptist Church v. Edwards, 204 Pa. 216, it was held that the words of a conveyance, "to have and to hold the said lot of ground for mission school purposes", did not create a condition nor prevent the grantee in the deed from making a marketable title to the property.

A deed containing the words, "And the said piece of land is to be twenty-five feet wide for the privilege of a road", was held to convey an absolute fee simple estate: Schultz v. Grove, 70 Pa. Superior Ct. 494.

"The policy of the law is to keep the alienation of land free from embarrassing impediments, and it endeavors to strip devises and grants of restrictive conditions tending to fetter free disposition; therefore, if the language of the condition is not clear, or is hostile to a state policy in any form, it is not given effect. Moreover, conditions subsequent are always strictly construed when the happening of the event closes an otherwise absolute fee estate; so, where there is no limitation over or reverter mentioned, leaving succession to doubtful claimants, it has been held in different states the grant or devise is absolute": Drace et al. v. Klinedinst, 275 Pa. 266, 268.

We do not have before us the charter of the plaintiff corporation, a corporation of the first class, but doubtless that charter, following the provisions of section 1 of the Act of April 29, 1874, P. L. 73, under which the charter was granted, permits the corporation to hold only such real estate "as the business of the corporation requires". The language of the deed in question, "to be used as a playground and recreational centre", etc., should be construed, therefore, only as an assertion of the intended legality of the grant: T. W. Phillips Gas & Oil Co. v. Lingenfelter, 262 Pa. 500, 504.

Counsel for the defendant conceded that the defendant should pay the costs of this proceeding up to the date, June 24, 1932, when the defendant delivered his deed, contending that since the deed is not obnoxious to the objection made to it by the plaintiff he should not be required to pay any costs incurred subsequent to that date. We cannot agree with this contention. The bill of complaint averred that the oral contract provided for a deed without restriction. The defendant, in his answer filed after the execution of the deed, alleged that the oral agreements permitted him to insert in the deed certain restrictions or conditions, and that the right to insert them was a part of the consideration. Both parties therefore apparently up to the date of the hearing considered the deed as containing either a restriction or a condition. Furthermore, it has been apparent almost from the beginning of this litigation that in the civic club there were two factions, one of which, taking no part in the prosecution of this case, has been apparently satisfied to accept the deed as drawn, although regarding it as containing a restriction upon the fee, while the other faction

bitterly opposed the acceptance of such deed. It was to a member of the former faction that the deed was in fact delivered. In view of these circumstances, we believe it just that the defendant should pay all record costs, including the costs of service of subpœnas, but no witness costs. The parties at the time of hearing agreed to file no bill of costs for witnesses.

### Conclusions of law

1. The words "to be used as a playground and recreational centre for the residents of the Borough of Marysville and vicinity", contained in the defendant's deed to the plaintiff, create neither restriction, condition, nor cloud upon the title, but are without effect.

2. Since the defendant had already delivered a deed for the lots he contracted to sell which vests in the plaintiff a fee simple, unencumbered, unrestricted title without condition, the bill should be dismissed.

3. Since the words objected to by the plaintiff were inserted in the deed by the defendant against the wishes of the plaintiff and with the obvious intention of creating a restriction upon the full fee simple title which the plaintiff claims it was entitled under the oral contracts to receive, the costs, exclusive of witness fees and mileage, should be paid by the defendant.

### Decree

And now, March 14, 1934, the bill is dismissed, and the defendant is directed to pay the costs, exclusive of witness fees and mileage. The defendant excepts and a bill of exceptions is sealed.

From S. E. Troutman, New Bloomfield, Pa.