## Stone v. Fenstermacher et al.

*Frank P. McCluskey* and *Sidney R. Webb*, for plaintiff.

*Irving W. Coleman* and *Ralph Ritter*, for defendants.

BARTHOLD, P. J., July 8, 1950.—This is a petition for a declaratory judgment filed under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §§831-846, as supplemented by the Act of May 22, 1935, P. L. 228, 12 PS §§847-853, and as amended by the Act of May 26, 1943, P. L. 645, 12 PS §836. Neither the petitioner nor defendants have demanded a jury trial. In this situation the act provides that the absence of such demand "shall be treated as equivalent to an agreement to dispense with trial by jury, and . . . all issues of fact, as well as those of law, may be determined and found by the court, subject to exceptions and appeal, as in equity cases":

Act of May 22, 1935, P. L. 228, sec. 6, 12 PS §852. We will, accordingly, adopt the procedure which obtains in equity cases: Melnick v. Melnick et al., 154 Pa. Superior Ct. 481. This is essential in every declaratory judgment proceeding where the very nature of a judgment demands that its scope and the circumstances upon which it is founded be clearly and unmistakably defined.

"As to the fact that judgments or decrees must be certain and unequivocal, it is aptly stated in Freeman on Judgments, §72: 'Inasmuch as the judgment and its enforcement is the end and aim of the whole litigation, to satisfy this purpose it must so dispose of the matters at issue between the parties that they and such other persons as may be affected, will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined.' Where a judgment or decree lacks such certainty and is absolutely unintelligible, it is a nullity: 34 C. J. §863, pp. 563-4": Rockett Will, 348 Pa. 445, 450.

From the pleadings and testimony taken before the court, we make the following

### Findings of Fact

1. William F. Benninger, in his lifetime, was the owner of a tract of land of 9¾ acres in Lehigh Township, Northampton County, Pa., having acquired the same by deed dated July 7, 1899, and recorded in the office for the recording of deeds in and for Northampton County in Deed Book C, vol. 30, page 235.

2. William F. Benninger died intestate March 7, 1911, a resident of Lehigh Township, leaving to survive him as his legal heirs, Ellen C. Benninger, his widow, and Florence V. Benninger, a daughter, married to Samuel T. Minnich.

3. On November 10, 1926, Ellen C. Benninger, widow, Florence Benninger Minnich and her husband, Samuel T. Minnich, executed a deed to Edith H. Rudlin,

the deed conveying three tracts of land, tract no. 3 being the tract in question, containing 9¾ acres, which deed was recorded in the office for the recording of deeds in and for Northampton County, in Deed Book E, vol. 57, page 77, on November 17, 1926.

4. Edith H. Rudlin was a single woman at the time of the above conveyance and was employed as secretary to the late Asher Seip, a member of the Northampton County bar. She had no interest in the property and acted merely as a "straw party".

5. Simultaneously with the execution of the above deed to Edith H. Rudlin, Edith H. Rudlin reconveyed the premises by executing a deed containing, inter alia, the following description of the parties thereto and the following granting clause and habendum clause:

"THIS INDENTURE, Made the tenth (10th) day of November in the year of our Lord one thousand nine hundred and twenty-six, between EDITH H. RUDLIN, a single woman, of the City of Easton, Northampton County, Pennsylvania, party of the first part, and FLORENCE V. BENNINGER, now Minnich, intermarried with Samuel T. Minnich, all of the Borough of Walnutport, said County and State, parties of the second part:

"WITNESSETH, That the said party of the first part, for and in consideration of the sum of One Dollar ($1.00) lawful money of the United States of America, well and truly paid by the said parties of the second part to the said party of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said parties of the second part, by the entireties, their heirs and assigns. . . .

"TO HAVE AND TO HOLD the said premises, with all and singular the appurtenances, unto the said parties of the second part, their heirs and assigns, to the only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever, . . . ."

6. Florence V. Benninger Minnich, wife of Samuel T. Minnich, died on October 7, 1939.

7. Samuel T. Minnich subsequently remarried Jean R. Minnich, and on April 23, 1945, he and his second wife executed a deed to the 9¾-acre tract in question to William K. Stone, petitioner. This deed is recorded in the office for the recording of deeds in and for Northampton County in Deed Book F, vol. 76, page 228.

8. On December 21, 1949, William K. Stone, petitioner, entered into a written agreement of sale with defendants, Franklin W. Fenstermacher and Alma M. Fenstermacher, his wife, wherein he agreed to sell and convey a good and marketable title to defendants, who agreed to purchase the same for the price of $6,000.

### Discussion

Petitioner contends that the deed dated November 10, 1926, (finding of fact 5) "between EDITH H. RUDLIN, a single woman, . . . party of the first part, and FLORENCE V. BENNINGER, now Minnich, intermarried with Samuel T. Minnich, all of the Borough of Walnutport, . . . parties of the second part" conveyed to Florence V. Benninger Minnich and Samuel T. Minnich, her husband, a tenancy by the entireties, and that on the death of Florence V. Benninger Minnich, on October 7, 1939, Samuel T. Minnich acquired the fee simple title by right of survivorship. Defendants contend that this deed conveyed the fee to Florence V. Benninger Minnich, and that therefore petitioner, William K. Stone, does not have a good and marketable title to the property.

At the outset we must determine the availability of a declaratory judgment. It is a matter of discretion whether or not jurisdiction will be taken in any particular declaratory judgment proceeding. Under the Uniform Declaratory Judgments Act, supra, 12 PS §836, a declaratory judgment will not be given where petitioners do not aver that they are contending parties to an actual controversy justiciable in a declaratory judgment proceeding; or that there are present antagonistic claims, wherein they have any interest, which presage imminent and inevitable litigation; or that there is any legal right, status or relationship in which they or either of them have any concrete interest, either legal or equitable, in respect of defendants or any of them. A petition which seeks merely legal advice, and not the adjudication of an actual controversy, does not permit of a declaratory judgment. An interest which is dependent upon a contingency that may never happen cannot be made the subject of a declaratory judgment proceeding: Schoenbrun et al. v. Nettrour et al., 360 Pa. 474.

Tested in the light of the foregoing principles, we are satisfied that an actual controversy exists and that a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding: Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose, 364 Pa. 15. A controversy or threatened controversy involving an interest in real estate is the subject of a declaratory judgment: In re Louis A. Gesumaria, 31 North. 375; Liddick v. Louden, 52 D. & C. 402.

The intention of the parties is the ultimate guide by which all deeds must be interpreted: Maxwell et al. v. Saylor, 359 Pa. 94; Hindman v. Farren et al., 353 Pa. 33.

"Although a certain degree of formality is associated with the deeds of real estate, and technical expressions

of established meaning are generally employed to describe the interest to be created thereby, these are not essential. They are but guideposts to assist in the search for the true intention of the parties, which must ultimately control: McWilliams v. Martin [12 S. & R. 259, 271]; Krider v. Lafferty, 1 Whart. 303, 315. Any words manifesting an intent to convey a particular estate are sufficient: Auman v. Auman, 21 Pa. 343, 347; Riggs v. New Castle, 229 Pa. 490; Tiffany, Real Property, Section 381"; Hess et al. v. Jones, 335 Pa. 569, 572.

In the instant case we find no difficulty in ascertaining the intention of the parties from the express words contained in the deed itself. The declared intention of the grantor was to convey to Florence V. Benninger Minnich and Samuel T. Minnich, her husband, "by the entireties". The deed constantly refers to "parties of the second part". The granting clause of the deed definitely expresses the tenancy conveyed in the following language: . . . "do grant, bargain, sell, . . . unto the *said parties of the second part, by the entireties*, their heirs and assigns." (Italics supplied.) These words are meaningless if the deed is to be construed as the granting of a fee to Florence V. Benninger Minnich alone. Patently, the scrivener in describing the "parties of the second part" as "Florence V. Benninger, now Minnich, intermarried with Samuel T. Minnich" mistakenly thought he had named both Florence V. Benninger Minnich and Samuel T. Minnich, her husband, as the parties of the second part.

We are firmly of the opinion that the deed in question created a tenancy by the entireties in Florence V. Benninger Minnich and her husband, Samuel T. Minnich. In the case of Hamm v. Meisenhelter, 9 Watts 349, the court, in passing upon a somewhat similar situation presented in a will case, held that a bequest "to my daughter Catherine, married to Samuel Meisen-

helter, the one-eighth part of my estate to them" constituted a bequest to the husband and wife to which the husband surviving the wife was entitled.

We have arrived at the foregoing conclusions from the express words contained in the deed itself. It was not necessary for us to look beyond the terms of the written instrument. We deem it important, however, to point out that our conclusion is confirmed by the testimony, both oral and written, which was offered by petitioner to show all of the circumstances surrounding the execution of the deed in question.

### Conclusions of Law

1. Whether jurisdiction will be taken of a particular action for a declaratory judgment is matter for the court's discretion.

2. In a declaratory judgment proceeding, no jury trial having been demanded, the findings, conclusions and decree of the trial judge should be set forth in the form prescribed by the equity rules.

3. A controversy or threatened controversy involving an interest in real estate is the subject of a declaratory judgment.

4. The intention of the parties is the ultimate guide by which all deeds must be interpreted.

5. Under and by virtue of the deed of Edith H. Rudlin, a single woman, dated November 10, 1926, and recorded November 17, 1926, Deed Book E, vol. 57, page 78, Florence V. Benninger Minnich and Samuel T. Minnich, her husband, acquired an estate as tenants by the entireties in the property therein described (finding of fact 5).

### Declaratory Judgment or Decree

And now, July 8, 1950, it is ordered, adjudged and decreed, that under and by virtue of the deed of Edith H. Rudlin, a single woman, dated November 10, 1926,

and recorded in the office for the recording of deeds in and for Northampton County, Pennsylvania, on November 17, 1926, in Deed Book E, vol. 57, page 78, Florence V. Benninger Minnich and Samuel T. Minnich, her husband, acquired an estate as tenants by the entireties in the premises described in the deed. The decision of the court setting forth the findings of fact and conclusions of law is marked "filed" and the prothonotary is directed to give notice of the filing thereof forthwith to the parties or their attorneys. If no exceptions thereto are filed within 30 days after service of such notice, this declaratory judgment or decree shall be entered by the prothonotary as a final decree, without further order of court.